43 So.2d 595

GARNIER v. RACIVITCH, District Attorney.

No. 39010.

Nov. 7, 1949.

Madison, Madison, Files & Shell, Monroe, Claude W. Duke, New Orleans, for appellant.

Robert L. Hickerson, New Orleans, for plaintiffs and appellees.

FRUGÉ, Justice.

Mrs. Claire Brownell Garnier, who, in a divorce proceeding against her husband, Dr. William V. Garnier, had been awarded custody of their minor daughter, Sally Dean Brownell Garnier, appearing in her own name and as tutrix and adoptive mother of the child, applied for and obtained a judgment on September 18, 1947, changing the name of the daughter to Sally Dean Brownell. On April 8, 1949, Dr. Garnier who neither joined in nor was made a party to this proceeding, became apprised for the first time of the existence

of the judgment and appealed devolutively from that portion of the judgment which purported to change the name of his daughter.

Section 1 of Act No. 420 of 1938, under which this suit was brought, provides that if the person desiring to change their name be a minor " * * * the petition shall be signed by the father and mother of said minor or by the survivor in case one of them be dead, and in case the minor has no father or mother living, the petition shall be signed by the tutor or tutrix * * *."

It is appellant's contention that under the plain language of the act the judgment was a nullity without appellant's joining in the petition. Appellee intends that the act is ambiguous and of doubtful import in that it makes no provision for the situation where the parents are living but divorced. It is suggested that this ambiguity should be clarified by reference to Article 157 of the Civil Code, as amended, which provides that in the event of separation or divorce, the parent in whose custody a child is placed shall of right become natural tutor or tutrix of the child to the same extent and with the same effect as if the other party had died.

We find no ambiguity or uncertainty in Act No. 420 of 1938. The provisions as to who must sign the petition when a minor is involved, vary according to whether (1) Both parents are living; (2) One parent is living and one dead; or (3) Both parents are dead. There is no conceivable situation which would not fall within one of the groups thus set out. The facts of the instant case place it squarely in the first group. The ambiguity which is suggested by appellee is not apparent until Act No. 420 of 1938 is read with Article 157 of the Civil Code. The ambiguity is due to the possible conflict between the terms of the act and the terms of the code article in that a situation which would certainly be within the first group according to the act, would be in the second group according to the code article. To the extent that there is a conflict, we hold that Act No. 420 of 1938, being the latest expression of the legislature on the subject, supercedes Article 157 of the Civil Code as amended. Since the petition was not signed by the father as required by the act, we hold that the judgment of the district court was a nullity insofar as it purports to change the name of the minor, Sally Dean Brownell Garnier, to Sally Dean Brownell.

The judgment appealed from is reversed and set aside insofar as it purports to change the name of the minor, Sally Dean Brownell Garnier, to Sally Dean Brownell and, as thus amended, is affirmed. The plaintiff-appellee shall bear the costs of this appeal.