YARRUT, Judge.
The sole issues presented by this appeal by the Plaintiff-Appellant, briefly stated, are:
(1) Which parent has the right to name a child of the marriage, born during the pendency of a suit for separation; and,
(2) Should one parent name the child without approval of the other or the court, what proceeding must be taken to nullify the name given and to rename the child?
On January 7, 1963, Plaintiff-husband sued for separation on the ground of cruelty, reciting his marriage to Defendant-wife on June 16, 1962, and that no children were born of the marriage, but that his wife was then pregnant.
On January 9, 1963, the wife instituted a separate suit for separation on the ground of cruelty also alleging that no children were born of the marriage, but that she was pregnant.
*521 The wife’s suit was consolidated with that filed by her husband.
On May 10, 1963, the wife-mother filed a supplemental petition alleging- that a baby boy, named Michael Quin Webber, was born on April 28, 1963, and asked for his care and custody, which the district court promptly and ex parte awarded to her.
On May 14, 1963, the husband-father filed a motion setting forth that his wife, contrary to his own wishes and without advising him of the birth of their child, gave the baby the name recited in the pleadings, full well knowing he wanted the child named after him, viz., Absalom Theodore Webber, III, and obtained an order for her to show cause why the child’s name should not be so changed.
To this motion the wife-mother filed exceptions of no cause of action, contending the proceeding should not be by rule but by petition and citation, and that the Defendants should be the Recorder of Births and Deaths for the Parish of Orleans and the district attorney.
The district court dismissed the father-husband’s demand for the change, giving as his reasons:
“Change of name procedure is set out in LSA-RS 13:4751-4755. The proceedings must be carried on contradictorily with the District Attorney, who shall be served with a copy of the petition and citation to answer the same. LSA-RS 13:4752. The statute provides the exclusive method for change of name in Louisiana. See Ops.La.Atty Gen. 963, 964-965 (1942).
“The procedure of plaintiff in rule is fatally defective. The rule must be dismissed.”
On the same day the court, on the trial of the merits of the consolidated separation suits, rendered judgment in favor of the husband against the wife, but granted the wife-mother custody of the child.
During the marriage, and while the parties are living together, the husband is head and master of the community and the children. LSA-C.C. art. 216.
Regarding custody of children of the marriage pending litigation between the parents, LSA-C.C. arts. 146 and 157 provide :
“Art. 146. If there are children of the marriage, whose provisional keeping is claimed by both husband and wife, the suit being yet pending and undecided; it shall be granted to the wife, whether plaintiff or defendant; unless there should be strong reasons to deprive her of it, either in whole or in part, the decision whereof is left to the discretion of the judge. (As amended Acts 1888, No. 124.)”
“Art. 157. In all cases of separation and of divorce the children shall be placed under the care of the party who shall have obtained the separation or divorce unless the judge shall, for the greater advantage of the children, order that some or all of them shall be entrusted to the care of the other party. The party under whose care a child or children is placed, or to whose care a child or children has been entrusted, shall of right become natural tutor or tutrix of said child or children to the same extent and with the same effect as if the other party had died. (As amended Acts 1921, Ex.Sess., No. 38; Acts 1924, No. 74.)”
Pending suit for separation, where the parties are unable to agree regarding any matter that develops regarding the present or future welfare of their children, and a decision must be made, neither party has the right to make the decision, without the knowledge or consent of the other. The court, having jurisdiction of the separation proceedings, must then make the decision.
Since the name given the child, born during the pendency of their separa *522 tion proceedings, was not with the consent of the father, nor authorized by the court, the court alone has the right, upon application of the non-consenting parent, to affirm or order the name changed, if the application of the dissenting parent alleges a sound reason why the name given would prove detrimental to the present or future welfare of the child.
LSA-R.S. 13:4751-4755, providing the method of changing names, have no application here.
LSA-R.S. 13:4751, 4752, 4753 and 4754, “Change of Name”, provide:
“4751. Whenever any person over the age of twenty-one years desires to change his or her name he or she shall present a petition to the district court of the parish of his or her residence setting forth the reasons for the desired change. If the person desiring such change be a minor the petition shall be signed by the father and mother of the minor or by the survivor in case one of them be dead, and in case the minor has no father or mother living, the petition shall be signed by the tutor or tutrix of the minor, and in default of any tutor or tutrix by a special tutor appointed by the judge for that purpose.”
“4752. The proceedings shall be carried on contradictorily with the district attorney or district attorney pro tern of the parish in which the application is made, who shall represent the state, and who shall be served with a copy of the petition and citation to answer the same.”
“4753. The judge to whom the application is made, either in open court or in chambers, may proceed to hear and determine the case and render such judgment as the nature of the relief and the law and the evidence shall justify.”
“4754. If the prayer of the applicant is granted, judgment shall be rendered granting the change of name desired, which shall be the true and lawful name of the party asking the change after the recordation of the judgment in the miscellaneous records of the parish.”
Surely a minor, only a few months old, could not even entertain a desire to change his name, nor could you expect that the mother, who named the child without the knowledge or consent of the father, would give her consent to the change.
The statute for “Change of Name” requiring the proceeding to be contradictorily with the district attorney, could never have contemplated a case like this. A newly-born child could not have a criminal record to hide under an alias, to prevent which the district attorney is required to be made defendant in suits for a change of name.
The case of Garnier v. Racivitch (district attorney), 216 La. 241, 43 So.2d 595, is easily distinguishable from this case. The only question there was whether the wife, after divorce, had a right to change the name, long since given to their adopted daughter, without making her husband a party. The court held that the consent of both parents, after divorce, was required on an application for the change.
We agree with the district court that the father’s motion does not give any valid reason that the change would be in the interest of the present or future welfare of the child. However, we cannot agree that the only remedy in such a case is under the “Change of Name” statute, above recited.
Had a proceeding been brought for the naming of the child by either parent before the name was given, because of their inability to agree, there is no question that the court would have had the exclusive right to decide the issue, since it affected the present and future welfare of the child. Neither party could, by acting first, deprive the other of his or her day in court. The effect of the court’s dismissing *523 the husband-father's demand that the child be given his Christian name, as well as his family name, was tantamount to the court’s approving the name given by the wife-mother, since the husband-father stood on what he considered his absolute legal right to name the child, rather than some factual reason in the interest and welfare of the child.
The judgment of the district court dismissing the husband-father’s demand for renaming the child is affirmed, at his cost in both courts.
Judgment affirmed.