**In the Interest of M. L. P., A Minor Child.**

No. 16614.

Court of Civil Appeals of Texas, San Antonio.

June 3, 1981.

Rehearing Denied June 30, 1981.

David W. Rogers, San Antonio, for appellant.

Hattie E. Briscoe, San Antonio, for appellee.

OPINION

CADENA, Chief Justice.

This appeal from a judgment rendered in a divorce case is typical in that it presents no challenge to the portion of the decree dissolving the marriage. It is unusual in that the appeal is not for the purpose of upsetting the portions of the decree relating to the division of the estate of the parties, awarding custody of the children of the marriage, or ordering one of the parties to contribute to the support of such children. Instead, the sole complaint of the appellant, Stephen P. Pinkston, is that the trial court erred in denying his prayer that the child born of the marriage of appellant and appellee, Debbie Brown Pinkston, be changed from the name selected by appellee.

At the time that appellee filed this suit for divorce she was pregnant. Prior to the date on which the divorce action was heard, appellee delivered the child in question. Without consulting appellant, she named the male child Marcus Lee Pinkston.

Prior to the date set for hearing of the divorce action, at a time when the child was more than five months old, appellant, alleging that he had a legal and moral right to be consulted on the matter of the child's name, prayed that the best interest of the child required that the name of the child be changed. In his pleading appellant made no suggestion of an alternative name or names for the child.

Two days after appellant's pleading seeking a change of the name of the child was filed, the trial court heard evidence in the divorce proceeding. Appellee testified that she had given the child the first and middle names of her father, with whom she lived

after separating from appellant, and the surname of appellant. Appellant testified that he had thought of the name "Shawn Christian," among others which he did not identify, as a proper name for the child.

The trial court granted the divorce but refused to change the name of the child.

Although appellant presents several points of error, such points may be fairly characterized as presenting the complaint that the trial court erred in refusing to recognize appellant's right, as the father of the child, to be involved in the choice of the child's name.

In *Plass v. Leithold*, 381 S.W.2d 580 (Tex. Civ.App.—Dallas 1964, no writ), the court held that under our change of name statute, a court has no discretion to deny a father's application to change the name of his child if there is satisfactory evidence establishing that the change of name would be in the best interest of the child. This case falls short of supporting appellant's contention, even if we ignore the fact that appellant's pleadings seeking a change of the child's name failed to comply with the requirements of Article 5929, Tex.Rev.Civ.Stat. Ann. (Vernon 1962) relating to proceedings for change of name.

Appellant calls our attention to *Webber v. Webber*, 167 So.2d 519 (La.App.1964), which held that where, pending a suit for separation, a husband and wife are unable to agree on a matter concerning the present or future welfare of their children, and a decision must be made, neither party has the right to make the decision without the knowledge or consent of the other, and the decision must then be made by the court having jurisdiction of the separation proceeding. The court concluded in *Webber* that since the name given the child born during the pendency of the proceedings was chosen by the mother without the consent of the father and without authorization by the court, the court alone had the right, upon application of the father, to affirm the mother's decision or to order that the name be changed. However, the court pointed out that the name chosen by the mother should be changed only if the application of

the dissenting father alleges a sound reason why the name chosen by the mother would prove detrimental to the present or future welfare of the child.

 Even if we should accept the basic *Webber* assumption that, given disagreement, only the court having jurisdiction of the separation, or divorce proceedings, has the right, upon application of the nonconsenting parent, to choose the name of the child, we cannot disturb the decision of the trial judge in this case. This is because even under the *Webber* holding, the name chosen by one of the parents will not be changed unless the dissident parent shows a good reason for such change. The record in the case before us falls far short of even suggesting that the name chosen by the mother would prove detrimental to the child, now or in the future, or that the name preferred by appellant would further the present or future welfare of the child.

We need not determine whether the judgment below finds support in the evidence indicating that appellant denied that the child was his, and did not acknowledge his paternity until appellee gave birth.

The judgment of the trial court is affirmed.