# IN THE COURT OF APPEALS OF TENNESSEE
## MIDDLE SECTION AT NASHVILLE

**FILED**

October 17, 1997

Cecil W. Crowson
Appellate Court Clerk

IN RE: )
MADISON RENEE BAIRD )
)
WILLIAM ALAN BROWN, )
)
Plaintiff/Appellee, )
)
) Rutherford Juvenile
VS. ) No. 1131-C
)
) Appeal No.
MANDY RENEE BAIRD, ) 01A01-9704-JV-00148
)
Defendant/Appellant. )


APPEAL FROM THE JUVENILE COURT FOR RUTHERFORD COUNTY
THE HONORABLE DAVID LOUGHRY, JUDGE

For the Plaintiff/Appellee:                For the Defendant/Appellant:

John B. Melton, III                        Darrell L. Scarlett
Murfreesboro, Tennessee                    Murfreesboro, Tennessee

## REVERSED AND REMANDED


WILLIAM C. KOCH, JR., JUDGE

# **O P I N I O N**

This appeal concerns a dispute over a nonmarital child's surname. Approximately six weeks after the child's birth, the father filed a legitimation petition in the Rutherford County Juvenile Court seeking to establish paternity, to set visitation, and to give the child his surname. Following a bench trial, the juvenile court changed the child's surname from her mother's name to a hyphenated name that included both parents' surnames. On this appeal, the mother takes issue with the trial court's order changing the child's surname. We reverse the portion of the trial court's order changing the child's surname because we have determined that the father has not carried his burden of proving that changing the child's surname is in her best interests.

## **I.**

Mandy Renee Baird gave birth to Madison Renee Baird on July 19, 1996. She declined to include the name of the child's biological father on the birth certificate and apparently rebuffed the father's attempts to visit the child. On September 3, 1996, William Alan Brown filed a legitimation petition in the Rutherford County Juvenile Court requesting (1) that the child's birth certificate identify him as the biological father, (2) that the child's surname be changed to Brown, and (3) that he be awarded liberal visitation with the child.

The juvenile court conducted a hearing on November 21, 1996 during which Ms. Baird and Mr. Brown were the only witnesses. Mr. Brown insisted that the child's surname should be changed to "Baird-Brown" in order to reflect his parentage. Ms. Baird opposed this suggestion on the grounds that she had the right to name the child and that giving a child a hyphenated surname would differentiate the child from other children and could call attention to the fact that she was born out of wedlock. On December 20, 1996, the juvenile court entered an order concluding that it would be in the child's best interests to change her name to Madison Renee Baird-Brown

and directing that a new birth certificate be issued showing the child's new name and that her biological father was Mr. Brown.[1]

## II.

The sole issue on this appeal involves the juvenile court's decision to change the child's surname from Baird to Baird-Brown. Our analysis must start with the recognition that Tenn. Code Ann. § 68-3-305(b)(1) (1996) requires that a nonmarital child's surname be that of its mother.[2] Thereafter, any person desiring to change the child's surname, including the child's biological father, has the burden of proving that changing the child's surname is in the child's best interests. *See Halloran v. Kostka,* 778 S.W.2d 454, 456 (Tenn. Ct. App. 1988).

The amount of proof required to justify changing a child's surname is not insubstantial. Minor inconvenience or embarrassment are not enough. *See Layman v. Replogle,* App. No. 01A01-9312-CV-00516, 1994 WL 228227, at *2 (Tenn. Ct. App. May 27, 1994) (No Tenn. R. App. P. 11 application filed); *In re Lackey,* App. No. 01A01-9010-PB-00358, 1991 WL 45394, at *2 (Tenn. Ct. App. April 5, 1991) (No Tenn. R. App. P. 11 application filed). Among the factors for courts to consider in cases of this sort are: (1) the child's preference, (2) the change's potential effect on the child's relationship with each parent, (3) the length of time the child has had its present surname, (4) the degree of community respect associated with the present and proposed surname, and (5) the difficulty, harassment, or embarrassment that the child may experience from bearing either its present or its proposed surname. *See Barabas v. Rogers,* 868 S.W.2d 283, 287 (Tenn. Ct. App. 1993).

Mr. Brown presented no evidence concerning how changing his daughter's surname would benefit the child. He stated only that he believed that the child's

---

[1]The trial court also required Mr. Brown to begin paying $25 per week in child support and granted Mr. Brown defined visitation. After the case was appealed, Mr. Brown moved to Oklahoma to attend college, and the parties agreed to modify the visitation arrangements. Accordingly, the issue originally raised by Ms. Baird concerning the custody arrangements is now moot and need not be considered on this appeal.

[2]Tenn. Code Ann. § 68-3-305(b)(1) (1996) states that "[i]f the mother is not married at the time of either conception or birth or between conception and birth, the name of the father shall not be entered on the certificate of birth, and the surname of the child shall be that of the legal surname of the mother. All information pertaining to the father shall be omitted."

surname should "reflect his parentage" and that "the hyphenated last name would not adversely impact the child." These sorts of general statements of belief or opinion are insufficient to prove that a proposed name change is in the child's best interests. *See In re Schidlmeier,* 496 A.2d 1249, 1253-54 (Pa. Super. Ct. 1985); *In re Grimes,* 609 A.2d 158, 161-62 (Pa. 1992) (declining to require a hyphenated surname); *In re M.L.P.,* 621 S.W.2d 430, ___ (Tex. Civ. App. 1981); *Lufft v. Lufft,* 424 S.E.2d 266, ___ (W. Va. 1992).

The record before us contains no indication that the child's original surname is detrimental to her or that the proposed hyphenated surname would be of some benefit. There is no proof that the child's original surname has or will have any effect on her relationship with her parents and extended family or that she will be inconvenienced or embarrassed if she continues to be known by her original surname. Accordingly, we find that Mr. Brown failed to carry his burden of proof and that the record does not contain sufficient competent evidence to support the juvenile court's conclusion that changing the child's surname from Baird to Baird-Brown is in the child's best interests.

### III.

We reverse the portion of the juvenile court's judgment directing that the child's surname be changed from Baird to Baird-Brown and remand the case for further proceedings consistent with this opinion. We also tax the costs of this appeal to William Alan Brown for which execution, if necessary, may issue.

_____
WILLIAM C. KOCH, JR., JUDGE

CONCUR:


_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION


_____
WILLIAM H. INMAN, SENIOR JUDGE

-4-