### JOHNSON v. CITY OF RICHARDSON.

### No. 13848.

Court of Civil Appeals of Texas. Dallas.
Sept. 26, 1947.

Rehearing Denied Nov. 21, 1947.

Andrew J. Thuss, Jr., of Dallas, for appellant.

Claude D. Bell, Sr., Claude D. Bell, Jr., and Ralph W. Kinsey, all of Dallas for appellee.

BOND, Chief Justice.

This is an appeal·from the judgment of a District Court of Dallas County on verified petition of the City of Richardson for temporary injunction against the defendant K. C. Johnson to restrain said defendant, his agents, servants and employees from constructing or attempting to construct and occupy a commercial building on a certain described tract of land within said City in violation of two existing ordinances of the City, and against more comprehensive zoning ordinances then in course of adoption under authority of Art. 1011a et seq., Vernon's Annotated Civil Statutes.

On hearing, the trial court entered the judgment for temporary restraint "to continue in effect until final decree shall be entered on trial to the merits." In the judgment the trial court did not determine the validity or invalidity of the ordinances or the effectiveness of the zoning system then in course of adoption. The judgment merely holds the subject matter in statu quo pending final hearing, merely interlocutory, or provisional, without the court's determination of the merits of the suit, and it in no wise interfered with or decides the ultimate rights of the parties asserted or the defense urged. Hence the sole question presented on this appeal is: Did the trial court abuse its discretion in entering the order?

Plaintiff's petition, in effect, alleges that the defendant was erecting or threatening to erect a commercial building inimical to the ordinances of the City, and intends to use and occupy said building for purposes highly detrimental to nearby residences, school, churches and the general welfare of the City; and that the City was in course of adopting other comprehensive ordinances evidencing reasonable building regulations to effectuate the purposes of zoning applicable to all the territory of the City, and to impose no unreasonable burdens on the citizens and take away none of their constitutional rights.

The defendant in answer attacks the validity of the ordinances and the effectiveness of the City's action in adopting the more comprehensive zoning ordinances as applies to defendant's action in the control of his property and the use thereof. The record discloses that the City had in force two zoning ordinances affecting the construction of buildings in the City, and that the City Commission had begun proceedings in course of adopting more comprehensive zoning ordinances under the statutes, supra. The only assignment urged in the court below, and presented on this appeal, is the invalidity of the ordinances and the unlawful deprivation of his rights in the control and use of his property perforce thereof. We have been furnished with able and extensive briefs by attorneys for both plaintiff and defendant applicable to their respective viewpoints on the validity of the ordinances and the City's activities involved, which we think would be invaluable upon final trial to the merits. We pretermit discussion here, in absence of determination by the trial court, of matters which may become pertinent upon final trial determinative of the controversy by the trial court.

■ While the statutes of this State accord appeal from such interlocutory orders as here, yet in such cases where the sole issue presented by the record is whether or not the trial court exercised sound discretion in holding the matter in statu quo pending final hearing, we are not privileged to determine any issue not disposed of by the trial court. There was no evidence offered upon hearing for temporary injunction, and the record here does not disclose that the defendant would likely suffer any ill effect by the temporary restraint of his building activities or that the plaintiff's action in the premises was the result of corrupt, fraudulent, malicious or improper motives, or that the City's action in enacting the comprehensive zoning ordinances was other than for the public good. Hence, the trial court having held that the temporary injunction was proper, this Court is not warranted to say that the right conferred upon such court by law to issue temporary restraining orders in the circumstances of this case has been abused. The abuse of discretion to justify interference by this Court with the exercise of the discretionary power by a trial court, implies more than error of judgment. The granting of a temporary injunction is to prevent action, to maintain affairs in statu quo—a preventive and protection, merely. It interposes between the complainant and the injury feared or sought to be avoided. It follows, therefore, that appellant is not entitled to have this Court pronounce a decision on abstract questions touching the validity or invalidity of the ordinances of the City or their effectiveness for the purposes sought on appeal from the mere interlocutory order, which decision may or may not be the law of the case on final hearing. It will be time enough upon final trial to present the issues and have a decision of the trial court that shall be a final and determinative judgment reviewable on appeal.

■ Appellee has filed motion to dismiss this appeal, suggesting that the subject matter of this suit has become moot upon final passage of the comprehensive zoning ordinances. As stated above, the validity and effectiveness of the City ordinances and the applicability of the subsequent ordinances to the complaint of the City are issues determinable upon trial to the merits, and not on this appeal. Hence the passage of the ordinances, their validity and effectiveness, are not before us, other than a "stop-gap" to prevent further activities by the appellant complained of in the application for the injunction. To that extent, the passage of the supplemental comprehensive zoning ordinances by the City of Richardson makes the questions involved in this appeal moot. Therefore, appellee's motion is overruled; and from what we have said above, the judgment of the trial court is affirmed.