**Thyra Leithold PLASS et vir, Appellants,**

v.

**Louis LEITHOLD, Intervenor, Appellee.**

No. 16405.

Court of Civil Appeals of Texas.

Dallas.

July 24, 1964.

Turner, Rodgers, Winn, Scurlock & Terry and John H. McElhaney, Dallas, for appellants.

Turner, Atwood, Meer & Francis, J. Glenn Turner, Jr., Dallas, for appellee.

BATEMAN, Justice.

This appeal is from the denial of an application for change of the name of a minor pursuant to Vernon's Ann.Civ.St. art. 5929. The appellant Thyra N. Plass was formerly the wife of appellee Louis C. Leithold. They had adopted an infant who was given the name, Gordon Marc Leithold. They were thereafter divorced and the adoptive mother married Gilbert N. Plass, and they, as next friends of Gordon Marc Leithold, filed this application to change the minor's surname from Leithold to Plass. At the time of the hearing Gordon was four and three-quarters years old and was in the legal custody of the mother. The adoptive father, Louis C. Leithold, intervened and contested the proposed change, denying that it would be in the best interests of the minor.

The statute directs the judge to grant authority for the change of a minor's name "if the facts alleged and proven satisfy him that such change will be for the benefit and interest of the minor." The appellants offered evidence to the effect that, in their opinion and in the opinion of a psychologist-witness, the change of name would benefit the minor in that it would relieve him of the embarrassment and emotional upset involved in explaining why he has a different name than that of the household in which he lives. The appellee offered no evidence. The court denied the application. No findings of fact or conclusions of law were filed.

Appellants recognize the well settled rule that in cases of this kind there can be no reversal of the trial court's judgment in the absence of a showing of abuse of its discretion. However, they present four points of error charging abuse of discretion in that: (1) there was no evidence that the name change would *not* be for the minor's benefit; (2) the decision is against the great weight and preponderance of the evidence; (3) the trial court has no discretion to deny a name change if there is "satisfactory proof" that the change will be for the benefit and interest of the minor; and (4) there is at least some evidence that benefit would result to the minor by the proposed change. We find no merit in any of these points and overrule them seriatim as follows:

▇▇▇ (1) The absence of evidence that the name change would *not* be for the minor's benefit profits appellants nothing; the burden was on them to prove, not by a mere preponderance of the evidence, but by *evidence satisfactory to the trial court*, that the change would be *for* the benefit and interest of the minor.

▇▇▇ (2) We have carefully studied the entire record and cannot say that the trial court's ruling is against the great weight and preponderance of the evidence. In re King's Estate, 150 Tex. 662, 244 S.W. 2d 660. The probative force of the testimony offered was for the trial court to determine. If he was not satisfied by the opinion evidence offered, it was his duty and right to reject the same. Nass v. Nass, 149 Tex. 41, 228 S.W.2d 130; Thompson v. Janes, Tex.Civ.App., 245 S.W.2d 718, 724, affirmed 151 Tex. 495, 251 S.W.2d 953. As said in Ex Parte Taylor, Tex.Civ.App., 322 S.W.2d 309, 312, no wr. hist.: "In the absence of a showing that the trial court abused its discretion, the action of the trial court in granting authority to the minors to change their names and to adopt another is a matter for the trial court and is not subject to review on appeal." In our opinion,

the same rule would prevail where the application for change of name is denied.

(3) We agree with appellants that in cases such as this the trial court would have no discretion to deny an application to change the name of a minor if there was "satisfactory proof" that the change would be for the minor's interest and benefit; but in this case the court impliedly found that the proof was not "satisfactory".

(4) We do not agree with the proposition that in such a case, if there is "at least some evidence" of benefit to the minor by a proposed change of name the trial court must be held to have abused its discretion in not following it. As indicated above, it is exclusively the function of the trial court to determine whether the evidence offered, even though undisputed, is "satisfactory" to him.

Appellants' proof showed that appellee was still quite interested in his adopted son and desirous of preserving the parental relationship with him. The filing of his petition of intervention and his presence at the trial, in person and by attorney, would so indicate. There was no evidence to indicate that continued use by the child of his father's name would bring shame or disgrace, or affect the physical welfare or substantial property rights of the child. Moreover, to further impair the already badly damaged parental relationship between appellee and the child might have an adverse psychological or emotional impact on the latter. It was proper for the court to consider all of these things in determining whether the proposed change would be for the benefit and interest of the minor, whose welfare is of paramount importance under our law. 65 C.J.S. Names § 11b, p. 21; 53 A.L.R.2d 914; Application of Wittlin, City Ct., 61 N.Y.S.2d 726.

Appellants have not persuaded us that in making that determination the trial court abused its discretion, and the judgment is therefore

Affirmed.