**In the Interest of Kirk Allan BAIRD, a Child.**

**No. 18356.**

Court of Civil Appeals of Texas, Fort Worth.

Dec. 31, 1980.

J. Marshall Gilmore, Hurst, Clyde R. Parks, Dallas, for appellant, Lana Suzanne Parks.

Rohne & Hoodenpyle, and Wayne A. Rohne, Arlington, for appellee, Philip Allan Baird.

OPINION

SPURLOCK, Justice.

Petitioner Philip Allan Baird, the natural father of a minor child, brought an action against the natural mother, Lana Suzanne Parks, who had remarried, to change visitation and ordering her and her husband, Clyde Parks, not to permit the child to use any other name while attending school except that of Baird. The only part complained of on appeal is the part of the order concerning the name.

We affirm.

The sole appellant, Lana Suzanne Parks, assigns as error that the trial court erred in entering an "agreed order" in violation of Tex.R.Civ.P. 11, because the agreement was not signed by both attorneys nor made in open court and entered of record.

The statement of facts reflects that the parties never did reach a full agreement on what order should be signed. Although the caption of the motion was for entry of an agreed order, respondents contested the motion. The matter was set for trial and there was a full adversary proceeding.

After trial the court signed an order reciting that the parties and their attorneys of record each appeared in open court and that the court heard the evidence and the argument, then signed an order ordering Lana Suzanne Parks and her husband Clyde Parks, not to permit "the minor child, KIRK ALLAN BAIRD, to use any name other than his own in attending school and that all appropriate action shall be taken by said Respondent and her husband forthwith to correct the name of said child on all school records so that his correct legal name shall be used by the said KIRK ALLAN BAIRD."

Nowhere in the order or in the statement of facts does it appear that this was an agreed order. This portion of the order was vigorously contested during the trial. Therefore it was not an agreed order, and Tex.R.Civ.P. 11, does not apply.

Appellants by their last point of error assert the trial court lacked jurisdiction to compel the child to use only his legal name because it deprived the child of his liberty to use another name, in violation of the 14th Amendment to the United States Constitution.

This child was involved in a divorce proceeding in that court and a subsequent visitation contest. Therefore the court had complete jurisdiction over the welfare of the child.

Texas Family Code Ann. sec. 32.02 (1975), provides the method for changing a child's name. It provides that there must be a verified petition filed for changing of the child's name, the present name and address of the minor, and the reason for which a change of name is requested, the full name to be given to the minor, and whether or not the child is subject to the continuing jurisdiction of the court. It also provides that if the minor is 12 years of age or older, his written consent to the change of name must be attached to the petition.

There was no attempt by the respondents to follow the procedure provided in the Family Code to change the child's name.

Although there is no proceeding to change the name of the child, appellants are attempting to do so without a court proceeding. In *Newman v. King*, 433 S.W.2d 420 (Tex.1968), the court stated that a protesting father has a protectible interest in having his child bear his surname, and courts will exercise the power to change the name reluctantly and only where the substantial welfare of the child requires the change. To the same effect see *Bennett v. Northcutt*, 544 S.W.2d 703 (Tex.Civ.App.—Dallas 1976, no writ).

Each point of error has been severally considered and each is overruled.

Judgment affirmed.