Robert Hayden BROWN, Appellant,

v.

Patricia Ann Lee Brown
CARROLL, Appellee.

No. 12–83–0014–CV.

Court of Appeals of Texas,
Tyler.

Nov. 29, 1984.

Thomas K. Boone, Dallas, for appellant.

Robert Fairchild, Fairchild, Price, Russell & Thomas, Center, for appellee.

SUMMERS, Chief Justice.

Robert Hayden Brown, Movant/Appellant (Brown), brought this action for a permanent injunction seeking to prohibit his former wife, Patricia Ann Lee Brown Carroll, Respondent/Appellee (Carroll), from allowing his children to use the surname of their stepfather. Brown also sought to modify his visitation rights with his minor children. The trial court denied the injunction and refused to modify the visitation rights. Brown appeals from the court's denial of the injunction. We reverse that portion of the trial court's judgment denying injunctive relief and remand the case with instructions that the trial court grant the permanent injunction as hereinbelow ordered.

Carroll and Brown were divorced in Cherokee County, Texas. Carroll was named managing conservator of their two children, Robert Brown, Jr. and Wendee Brown, who were seven years old and four years old, respectively, at the time of the divorce. Carroll married John W. Carroll and, sometime between 1978 and 1980, they moved to Florida. The children moved to Florida with their mother and stepfather and Brown moved to Dallas, Texas. While in Florida, Carroll asked Brown if he would consent to a legal name change of the children from Brown to Carroll. Brown refused to give his consent. No petition for a legal name change has ever been filed on behalf of the children. The Carrolls moved to Shelby County, Texas, and by order dated December 31, 1980, this cause affecting the parent-child relationship was transferred from the District Court of Cherokee County to the District Court of Shelby County. The children were enrolled in the Center Independent School District in Shelby County in August 1981. The children began to use the name Carroll while in the Center schools on their registration cards, report cards, attendance sheets, and in the classrooms. A teacher and two principals of the Center school system testified that the children's teachers and classmates knew them by the name of Carroll. There is also evidence that the children were using their stepfather's surname in other instances. The mother and stepfather testified that the children repeatedly asked them if they could use the name Carroll instead of Brown. Both told the children that they could use whichever name they wished, i.e., Brown or Carroll.

Brown sued to enjoin Carroll from allowing the informal name change of the children. The trial court refused to grant the permanent injunction on the grounds that (1) the court had no jurisdiction to grant the injunction, (2) there was no evidence that Patricia Brown Carroll was allowing the children to use their stepfather's surname rather than their legal name, (3) if granted, the injunctive order would be vague, ambiguous, and unenforceable, and (4) the children's informal use of their step-father's surname did not impinge on any right or protectable interest of Robert Brown.

■ Brown argues in his third point of error that the trial court erred in holding that it had no jurisdiction to issue the requested injunction. Article 5, Section 8 of the Texas Constitution provides that "the District Courts shall have ... original jurisdiction and general control over ... minors under such regulations as may be prescribed by law." The Family Code gives the district courts broad power over children involved in divorce proceedings and other instances, including the power to grant or deny a legal name change. *See* Chapter 32, TEX.FAM.CODE ANN. (Vernon 1975). The District Court of Shelby County, Texas, acquired jurisdiction over the Brown children on December 31, 1980, when this cause was transferred from the District Court of Cherokee County to the District Court of Shelby County. Thereafter, on April 27, 1982, this action for a permanent injunction and modification of visitation rights was filed in the District Court of Shelby County. The District Court of Shelby County had complete jurisdiction to protect the welfare and best interest of the children, as well as the protectable interest of the children's father. Therefore, the court had the power to issue an injunction. *In the Interest of Baird,* 610 S.W.2d 252 (Tex.Civ.App.—Fort Worth 1980, no writ); *see also Newman v. King,* 433 S.W.2d 420 (Tex.1968). Appellant's third point of error is sustained.

■ Having determined that the trial court had jurisdiction to grant the injunction, we must now decide whether the injunction should have been issued. In reviewing the ruling of the trial court on the permanent injunction, we do not determine whether the trial court abused its discretion in denying the application. Rather, we review the entire record as in any other case on appeal to ascertain whether or not the trial court erred. *Electronic Data System Corp. v. Powell,* 524 S.W.2d 393 (Tex. Civ.App.—Dallas, 1975, writ ref'd n.r.e.).

In his first point of error Brown argues that the trial court erred by failing to find that Carroll was allowing the minor children to use their stepfather's name because that fact was established as a matter of law or by the great weight and preponderance of the evidence. Carroll testified at the hearing as follows:

A: They [the children] know their name is Brown, and I have told them they are free to use whatever name they want to use, I will love [them] just the same.
Q: So you are letting them use any name they choose to use, is that correct?
A: Yes.

It is clear from her own testimony that the mother of the children was allowing them to use their stepfather's name and any finding by the trial court to the contrary is against the great weight and preponderance of the evidence. Appellant's first point of error is sustained.

■ Brown asserts in his sixth point of error that the trial court erred in denying the injunctive relief because the informal name change of the children was against their best interest and in derogation of his interests in preserving the children's use of their legal name and his parental relationship. It is undeniable that a father has a protectable interest in having his children bear his surname. Courts will exercise their power to change a child's name reluctantly and only where the substantial welfare of the child requires the change. *Newman v. King*, 433 S.W.2d 420 (Tex.1968); *see also* Annot. 92 A.L.R.3d 1091 (1979). By preserving the child's use of his legal name, the courts are protecting the relationship between the father and child and promoting the affiliation of the child with the father's family. *Bennett v. Northcutt*, 544 S.W.2d 703 (Tex.Civ.App.—Dallas 1976, no writ). With regard to what is in the best interest of Robert Brown, Jr. and Wendee Brown, the record reflects that they expressed a desire to use the surname of their stepfather. However, the children's preference is not controlling in determining whether it is in their best interest to allow a name change. *See Ben-*

*nett,* 544 S.W.2d at 708. We hold that it is not in the best interest of the children for the mother to allow the use of the stepfather's name without a legal name change pursuant to Chapter 32 of the Family Code. The evidence is clear that the mother had ample opportunity to prohibit the children from using their stepfather's surname, and the trial court should have issued a mandatory injunction ordering the mother to instruct the children to use their legal name. The failure of the trial court to grant the injunctive relief was error. Appellant's sixth point of error is sustained.

■ The trial court also refused to grant the injunction on the ground that the order would be vague, ambiguous, and unenforceable. Brown contends in his fourth point of error that this holding of the trial court was reversible error. We agree. While it is true that an injunction will not issue if the enforcement of the writ will require continuous and burdensome judicial supervision, *see* 31 Tex.Jur.2d *Injunctions* § 27 (1962), mere difficulty in drafting and enforcing an injunction are not sufficient grounds to bar its issuance. *Southwestern Newspapers Corp. v. Curtis*, 584 S.W.2d 362 (Tex.Civ.App.—Amarillo 1979, no writ). Appellant's fourth point of error is sustained.

That portion of the trial court's judgment denying injunctive relief is reversed and remanded to the trial court. The trial court is instructed to order the issuance of a permanent injunction ordering Patricia Ann Lee Brown Carroll to refrain from using any other surname for the children other than their legal surname, namely Brown, and that she instruct the children that they use their legal surname.