## In the INTEREST of Kristal Blake GRIFFITHS, a Child.

### No. 07–89–0125–CV.

Court of Appeals of Texas, Amarillo.

Nov. 10, 1989.

Linda Elder, Muleshoe, for appellant.

Louis M. Ratliff, Jr., Littlefield, for appellee.

Before REYNOLDS, C.J., and BOYD and POFF, JJ.

POFF, Justice.

Appellee Prentice Lee Griffiths ("Prentice") filed a motion in the trial court to compel appellant Mary Colleen Griffiths Hailey ("Colleen") to use the Griffiths surname when referring to their minor child, Kristal Blake Griffiths ("Kristal"). After a hearing on the motion, the trial court signed an order requiring Colleen to do so. She appeals by a single point of error, contending that Prentice failed to prove by "satisfactory evidence" that he was entitled to the requested relief. We will affirm the order of the trial court.

Prentice and Colleen were divorced in 1984. Colleen was named managing conservator of Kristal. Colleen later married Jim Hailey. Testimony at the hearing showed that Kristal wanted to use the Hailey surname so that she would have the same last name as her mother. Kristal, who was six years old at the time of the hearing, also wrote her name on her lunchbox as "Kristal Hailey." Colleen registered the child in the hospital as "Kristal Hailey" and introduced her daughter to others using the Hailey surname "[b]ecause that's what we wanted her to be called." The record also contains a number

of newspaper clippings in which Kristal is variously referred to as "Kristal Hailey," "Crystal [sic] Hailey," and "Kristal Griffith [sic] Hailey."

The record before us does not contain a copy of the divorce decree. Without the decree, and in the absence of appellate complaint, we must presume that the trial court had continuing jurisdiction of the case under Tex.Fam.Code Ann. § 11.05 (Vernon 1986) and was acting to enforce the terms of the decree under Tex.Fam. Code Ann. §§ 14.31, 14.32, and 14.33 (Vernon 1986). The burden is on the appellant to see that a sufficient record is presented for review. Tex.R.App.P. 50(d).

Every court having jurisdiction to render a judgment has inherent power to enforce the judgment. *Ex parte Gorena*, 595 S.W.2d 841, 844 (Tex.1979). That power is part of the court's jurisdiction, and a court may employ suitable methods to enforce its jurisdiction. *Arndt v. Farris*, 633 S.W.2d 497, 499 (Tex.1982). Colleen has, in effect, attempted to change Kristal's name without a court proceeding. *See In the Interest of Baird*, 610 S.W.2d 252 (Tex.Civ.App. —Fort Worth 1980, no writ). Sections 32.-01 through 32.05 of the Family Code provide the sole method by which a minor's name may be changed. Colleen has made no attempt to comply with the procedures outlined in the Family Code. She insists that Prentice must offer "satisfactory evidence" of harm to either himself or the child before the trial court may order her to use the Griffiths surname when referring to Kristal.

The term "satisfactory evidence" was apparently derived from the old statute governing the name change of minors. Former Tex.Rev.Civ.Stat.Ann. art. 5929 (repealed 1974) provided in part: "The judge of said court, *if the facts alleged and proven satisfy him* that such change will be for the benefit and interest of the minor shall grant authority to change his original name and adopt another." (emphasis added). The pre-Family Code case of *Plass v. Leithold*, 381 S.W.2d 580, 581 (Tex.Civ.App.— Dallas 1964, no writ) implicitly held that "satisfactory evidence" was a greater

quantum of proof than a preponderance of the evidence. Tex.Fam.Code Ann. § 32.04 (Vernon 1986) eliminated the "satisfactory evidence" quantum of proof, and provides instead "if [the court] finds that the change is in the best interest of the minor."

Colleen's point of error states that the trial court erred in granting the motion because Prentice failed to prove by satisfactory evidence that he was entitled to the requested relief. She then argues that Prentice was required to offer satisfactory evidence of some injury or damage resulting from use of the Hailey surname, and that the record contains "not one shread [sic] of evidence" of harm. Mindful of the liberal standards provided by Tex.R.App.P. 74(d) and (p), we have reviewed counsel's argument in the brief, and conclude that Colleen's point of error presents an ordinary challenge to the legal sufficiency of the evidence concerning harm, also known as a "no evidence" point of error. *See* Robert W. Calvert, "No Evidence" and "Insufficient Evidence" Points of Error, 38 Tex.L.Rev. 361 (1960). Because we hold that no showing of harm was required in the present circumstances, we do not reach the question of legal sufficiency of the evidence concerning harm.

Colleen's point of error misplaces the burden of proof. Even if this case did involve a petition for name change of a minor, which it does not, the burden would be on Colleen to establish that the name change would be in the best interest of the child. *Bennett v. Northcutt*, 544 S.W.2d 703, 708 (Tex.Civ.App.—Dallas 1976, no writ). A father has a protectible interest in having his child bear his surname, and a court will change the child's name reluctantly and only when the change is in the best interest of the child. *Id.* at 707. Prentice had no burden to show harm. He was only required to prove that Colleen used the Hailey surname when referring to Kristal. The record contains ample evidence of that fact. Because the child's name has not been legally changed, the trial court acted properly to enforce its decree by ordering Colleen to use the Griffiths surname when referring to Kristal. *Baird*, 610 S.W.2d at 254. Colleen had no

right to unilaterally and extrajudicially change Kristal's surname; therefore, the trial court had no alternative but to grant Prentice the requested relief.

Colleen's point of error is overruled. The order of the trial court is affirmed.