**Bertha Chacon CONCHA, Appellant,**

v.

**Fernando CONCHA, Jr., Appellee.**

**No. 08–90–00315–CV.**

Court of Appeals of Texas,
El Paso.

April 10, 1991.

Dudley R. Mann, El Paso, for appellant.

Arne C. Schonberger, El Paso, for appellee.

Before FULLER, WOODARD and KOEHLER, JJ.

OPINION

WOODARD, Justice.

This is an appeal from a divorce judgment based upon a jury finding that in the best interest of the minor son, primary custody was to be with the mother. The issues of support, visitation, community property division, community debts, attorney's fees and court costs were determined by the trial judge. We affirm in part and reverse and remand in part.

Point of Error No. One charges the trial court erred in changing the surname of the minor from the mother's former name to that of the Appellee father.

This was done in accordance with a trial amendment allowed to the pleadings after the trial of the matter but prior to the signing of the judgment. Tex.R.Civ.P. 66 states in pertinent part:

If evidence is objected to at the trial on the ground that it is not within the issues made by the pleading, ... the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the allowance of such amendment would prejudice him in maintaining his action or defense upon the merits.

■■■ The filing of a trial amendment is within the sound discretion of the trial court. A post-verdict, prejudgment trial amendment may be allowed. *Rotello v. Ring Around Products, Inc.*, 614 S.W.2d 455 (Tex.Civ.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.).

In the trial, Appellee was asked if he wanted his son to have his name. Appellant stated "[y]our Honor, there is no pleading on this and I think it's just ridicullious [sic] to get into this kind of stuff." The trial judge stated "your objection is overruled." Subsequently, the attorney for the Appellee, Mr. Arne Carl Schonberger, made the following statement to the trial judge:

One other item, one thing my client requested yesterday and the Court heard was to give the child the proper name. I believe that the law requires that the father of a child has a constitutional right to have that child named that way. I did a little research on that this morning and I don't find the cases[.] I left them on my desk but there are cases to that affect[.] I would like to bring them to the Court if the Court is in doubt on that. Cases clearly say that the father has an absolute right to that.

Appellant's attorney objected on the grounds of lack of pleadings and surprise. Subsequently, the trial judge stated:

The other matter that the Court is going to at this time take up is the request for the change of name of the child to bear its mother's name and the father that he according to his attorney has a constitutional right to have the child have his name. This court is inclined to believe that that is the law and that is the inter-

pretation that the Court makes of what has been presented. So, in that connection the Court makes this observation. To Mr. Schonberger, Mr. Schonberger if in fact Mr. Dudley Mann is correct that this Court should not do it because of failure for you to plead then this Court is here and now giving you leave to file a Trial Amendment to include that and is going to leave the name of the child as Edward Joseph Chacon Concha.

Our State Supreme Court recognized a lack of constitutional prohibitions against taking the name of a natural father away in *Newman v. King*, 433 S.W.2d 420, 422 (Tex.1968). Tex.Fam.Code Ann. § 32.04 (Vernon 1986) provides for a name change, after a hearing and upon good cause shown, if it is in the best interest of the minor. The standard of review of that decision is "abuse of discretion." The test is whether the trial court's decision was arbitrary or unreasonable. *Bennett v. Northcutt*, 544 S.W.2d 703, 706 (Tex.Civ. App.—Dallas 1976, no writ). "Judicial discretion" must be exercised in accordance with legal rules, principles and criteria. The trial court abuses its discretion when the law is misapplied to established facts. *Landon v. Jean-Paul Budinger*, 724 S.W.2d 931 (Tex.App.—Austin 1987, no writ). In this case, the trial judge expressly misapplied the law in his ruling by giving his ruling a constitutional mandate.

In passing, we note Texas Disciplinary Rules of Professional Conduct Rule 3.03(a)(1) provides that a lawyer shall not knowingly make a false statement of material fact or law to a tribunal. Whether Mr. Schonberger's misrepresentation of the status of law was one of perception or deception is not for us to decide. Mr. Schonberger's only reference to constitutional law in his appellate brief is the following:

Additionally, the case of *Brown v. Carroll*, 683 S.W.2d 61 (Civ.App.—Tyler 1984) held that as the constitutional law issue [sic], the father has a protectable interest in having his children bear his surname. The Court further held that by reserving the child's use of his legal name, Courts are protecting the relation-

ship between father and child and promoting affiliation of child with the father's family.

The only constitutional reference in *Brown* at 62 is:

> ■ Brown argues in his third point of error that the trial court erred in holding that it had no jurisdiction to issue the requested injunction. Article 5, Section 8 of the Texas Constitution provides that "the District Courts shall have ... original jurisdiction and general control over ... minors under such regulations as may be prescribed by law." The Family Code gives the district courts broad power over children involved in divorce proceedings and other instances, including the power to grant or deny a legal name change.

There is no constitutional reference to a father's right to have his name borne by his child. There is reference subsequently in the paragraph of a "protectable interest of the children's father" by citing *In the Interest of Baird*, 610 S.W.2d 252 (Tex.Civ. App.—Fort Worth 1980, no writ) and *Newman*. *Baird* at 254, traces the "protectable interest" of the father to the language in *Newman* (the case which recognized the lack of a constitutional issue), and cites *Bennett* for the language "courts will exercise the power to change the name reluctantly and only where the substantial welfare of the child requires the change." Some might argue that standard of "*only* where the substantial welfare of the child requires the change" is mutually exclusive of any "protectable interest" of the father, but that point is not before us today.

Point of Error No. One is sustained for the reason that the trial judge abused his discretion by misapplying the law.

■ Point of Error No. Two concerns the award of attorney's fees. The award of attorney's fees is one factor to be considered in making an equitable division of the estate in a divorce. A decree that one party pay the other's attorney's fees may be to award the paying party less of the estate. *Simpson v. Simpson*, 727 S.W.2d 662 (Tex.App.—Dallas 1987, no writ). With further litigation impending, Point of Error

No. Two is moot. Any judgment for attorney's fees cannot be final nor severable.

Judgment of the trial court is affirmed in part as to all matters except the change of the name of the minor and the property division, with regard to which the judgment is reversed in part and remanded for new trial.