**In the Interest of J.K., a Minor Child.**

No. 04–95–00096–CV.

Court of Appeals of Texas,
San Antonio.

March 29, 1996.

Richard Deck, San Antonio, for appellant.

Robert F. Flanagan, Law Offices of Robert F. Flanagan, San Antonio, for Appellee.

Before LÓPEZ, STONE and GREEN, JJ.

## OPINION

LÓPEZ, Justice.

This appeal arises from a paternity action, during which the established father of the child requested that the child's last name be changed from the father's surname to that of the mother. The mother brings this appeal, in the interest of the minor child, challenging the trial court's decision to change the child's last name to his mother's maiden name. We modify the trial court's order to reflect that the child's name be left as given at birth.

The child, born to Annabell Garza out of wedlock, was named at birth by his mother. She wanted her son to carry the name

Kirschberg, the surname of his biological father. The paternity of J.K. was established through blood tests and an order was entered by the family law master, addressing conservatorship and awarding support for the child. The order issued by the family law master also granted a name change, requested orally by the father, allowing the last name of the child to be changed from Kirschberg to Garza. Garza is the mother's married name from a previous marriage, and is the name she legally retained after divorcing Mr. Garza. Appellant exercised her right to appeal to the district court, challenging the decision to change the child's name. The district court judge ordered that J.K.'s last name should be Maldonado, the mother's maiden name.

In her first point of error, appellant challenges the trial court's order changing the child's name because a verified petition was never filed requesting the change. Appellant relies on the procedure set out in the Texas Family Code, requiring that a verified petition with name, address, and reasons for the change be filed with the court. TEX.FAM. CODE ANN. § 32.02 (Vernon 1986).

The Family Code sections provide the sole method by which a name change for a minor may be accomplished. *In re Griffiths,* 780 S.W.2d 899, 900 (Tex.App.—Amarillo 1989, no writ); *In re Baird,* 610 S.W.2d 252, 254 (Tex.Civ.App.—Fort Worth 1980, no writ). The power to change the name of a minor child is exercised reluctantly and only when necessitated by the substantial welfare of the child. *Brown v. Carroll,* 683 S.W.2d 61, 63 (Tex.App.—Tyler 1984, no writ); *Bennett v. Northcutt,* 544 S.W.2d 703, 707 (Tex. App.—Dallas 1976, no writ).

The record indicates that there was no verified petition requesting the name change filed with the court, as specifically required by the Family Code. *See* TEX.FAM. CODE ANN. § 32.02 (Vernon 1986). Furthermore, appellant was given no notice that this issue would be raised in the hearing; another requirement set forth in the Family Code. *See TEX.FAM.CODE ANN. § 32.02 (Vernon 1986). We find that because the mandatory provisions of the Family Code were not followed, the name change was improperly ad-*

*dressed and granted by the court. Point of error one is sustained.*

In her second point of error, appellant asserts that the trial court's decision to change the child's name was an abuse of discretion because appellee did not demonstrate good cause as required to allow for a name change. We address this point because we find it further supports our decision that the order must be modified in appellant's favor.

We will uphold the trial court's decision to change the name of a minor, absent an abuse of discretion. *Concha v. Concha,* 808 S.W.2d 230, 231 (Tex.App.—El Paso 1991, no writ). In determining the issue of a name change for a child, the court must first consider the best interest of the child. TEX. FAM.CODE ANN. § 32.04 (Vernon 1986); *Newman v. King,* 433 S.W.2d 420, 423 (Tex.1968). A parent's interest and desire is only a secondary consideration. *Ex parte Taylor,* 322 S.W.2d 309, 312 (Tex.Civ.App.—El Paso 1959, no writ). The name chosen by one parent should be changed only if the other parent provides sound reasoning why the given name would be detrimental to the child. *In re M.L.P.,* 621 S.W.2d 430, 431 (Tex.Civ.App.—San Antonio 1981, writ dism'd).

The only evidence presented at the hearing on the appeal from the family law master's order, was from the mother, Annabell Garza. She stated that if the child was named Garza, it would be the name of her previous husband, and not the name of the child's father. She retained the name Garza after her divorce for the benefit of her son from that marriage, who is now an adult. She also pointed out that she decided to give J.K. his father's name because she believed that a child should carry his "daddy's last name," and she wants him to know "the truth."

Mr. Kirschberg did not attend the hearing, but argued through his attorney that his son should not carry his name because it would be embarrassing for the child to explain his different name to other children. He urged that there was a need to avoid publicity that might be further disrup-

tive to his marriage and detrimental to the children of his marriage. Counsel for Mr. Kirschberg also pointed out that there was only one Kirschberg listed in the phone book and that the child might be tempted in later years to try to find other family members through the telephone listings. Mr. Kirschberg was not granted visitation with the child, at his own request, and his attorney pointed out that the father did not intend to develop a relationship with the child.

We find that the arguments made at the hearing did not provide the trial court with sound reasoning for changing the child's name. *See In re M.L.P.*, 621 S.W.2d at 431. Our first concern is for the best interest of the child, not the social issues the father must face due to his actions. *See* TEX.FAM. CODE ANN. § 32.04 (Vernon 1986); *Newman*, 433 S.W.2d at 423. There is nothing in the record to show how the use of the name Kirschberg would be detrimental to J.K. *See In re M.L.P.*, 621 S.W.2d at 431. Therefore, the court abused its power by changing the name based largely on the self-serving arguments of the father rather than evidence of substantial harm to the welfare of the child. *See Brown*, 683 S.W.2d at 63; *Bennett*, 544 S.W.2d at 707. Point of error two is sustained.

Because appellee failed to file a verified petition and give proper notice to appellant regarding the request to change the child's name, we cannot uphold the order allowing for the name change. Furthermore, because appellee failed to meet his burden of establishing that use of the name Kirschberg would be detrimental to the child, the judgment should be reformed to reflect that the child will retain his name given at birth.