02-12-391-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

 

NO. 02-12-00391-CV

 

 


 
 
 In
 the Interest of T.G.-S.L., A Child
  
  
  
  
  
  
 
 
 §
  
 §
  
 §
  
 §
  
  
 
 
 From the 323rd District
 Court
  
 of
 Tarrant County (323-93854J-10)
  
 January
 4, 2013
  
 Opinion
 by Justice Gabriel
 
 


 

JUDGMENT

 

          This
court has considered the record on appeal in this case and holds that there was
error in the trial court’s judgment.  The judgment is modified to delete any
reference to an agreement or an agreed judgment.  It is ordered that the
judgment of the trial court is affirmed as modified.

SECOND DISTRICT COURT OF APPEALS 

 

 

 

By_________________________________

   
Justice Lee Gabriel

 

 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

 

NO. 02-12-00391-CV


 
 
 In the Interest of T.G.-S.L., A Child
 
 
  
 
 
  
 
 
 
 
  
 
 
 
 
  
 
 
  
 
 
  
 
 


----------

FROM THE 323rd
District Court OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

          Appellant
C.L. (Mother) appeals the trial court’s order changing the name of her son
T.G.-S.L. from Tailpipe Greasy-Spoon Lang to Taylor Gregory Lang.[2] 
We reform the trial court’s order and affirm it as reformed.

Background
Facts

          Mother
is a paranoid schizophrenic who has suffered from chronic mental health issues
for years.  Mother stopped taking medication for her schizophrenia about two
years prior to trial.  Dr. Nichelle Wiggins, a licensed clinical psychologist,
described Mother’s thought processes as “illogical” and testified that Mother
was “not . . . in touch with reality.”

          Mother
gave birth to Tailpipe Greasy-Spoon in December 2010.[3] 
The hospital contacted the Department of Family and Protective Services (DFPS)
because Mother appeared unable to care for Tailpipe and the group home in which
Mother lived would not allow her to bring the child with her.[4] 
In February 2011, the trial court granted DFPS temporary managing
conservatorship and granted Mother’s brother and his wife, T.L. and D.L. (Tony
and Denise Lang), temporary possessory conservatorship of Tailpipe.  In
November 2011, the trial court entered an order removing DFPS as the temporary managing
conservator and appointing it as managing conservator and Tony and Denise as
possessory conservators.

          In
August 2012, because Mother continued to refuse treatment for her mental health
issues, DFPS moved to modify the managing conservatorship of Tailpipe, seeking
to appoint Tony and Denise as the managing conservators.  DFPS also sought to
change Tailpipe’s name from Tailpipe Greasy-Spoon Lang to Taylor Gregory Lang. 
After a bench hearing, the trial court appointed Tony and Denise as the
managing conservators and ordered that Tailpipe’s named be changed to Taylor
Gregory.  Mother then filed this appeal.[5]

Discussion

          In
Mother’s first issue, she complains that the trial court’s order erroneously
recites that it was an agreed order.  A valid agreed judgment waives any error,
except for jurisdictional error, contained in the judgment and precludes
appellate review of that judgment.  In re Ezukanma, 336 S.W.3d 389, 398
(Tex. App.—Fort Worth 2011, no pet.).  Here, the order states,

The Court finds that the parties and
attorneys who appear herein agree to the provisions and terms of this Order as
evidenced by their signatures.

The Court finds that the parties and
attorneys agree that the following Orders are necessary for the safety and
welfare of the Child and that such Orders are in the best interest of the
Child.

          Mother’s
attorney, her guardian ad litem, and the assistant criminal district attorney
signed the order under the heading “approved as to form.”  Tailpipe’s attorney
and guardian ad litem signed it under the heading “approved as to form and
substance.”  It is clear from the signatures as to form only that the order,
despite its language to the contrary, was not an agreed order.  See Oryx
Energy Co. v. Union Nat’l Bank of Tex., 895 S.W.2d 409, 417 (Tex. App.—San
Antonio 1995, writ denied) (holding that order, despite notation that it was “Approved
and Agreed,” was not an agreed order when “nothing in the record or the
judgment indicates that the parties entered or even contemplated a settlement or
agreed judgment”).  There is no other indication in the record that the parties
agreed to any terms contained in the order.  See First Am. Title Ins.
Co. v. Adams, 829 S.W.2d 356, 364 (Tex. App.—Corpus Christi 1992, writ
denied) (holding that a judgment entitled “Agreed Amended Judgment Nunc Pro
Tunc” signed by appellant “approved as to form and substance” did not bar him from
appealing the judgment when no other indications of agreement existed in the
record).  DFPS agreed in its brief that the order is not an agreed order and should
be reformed.  We therefore sustain Mother’s first issue and reform the judgment
to delete any reference to an agreement or an agreed judgment.  See Tex.
R. App. P. 43.2(b); Hawkins v. Comm’n for Lawyer Discipline, 988 S.W.2d 927,
942 (Tex. App.—El Paso 1999, pet. denied), cert. denied, 529 U.S. 1022
(2000) (reforming order that incorrectly stated it was an agreed order and
affirming the order as modified).

          In
Mother’s second issue, she argues that the trial court abused its discretion in
changing Tailpipe’s name.  A trial court abuses its discretion if the court
acts without reference to any guiding rules or principles, that is, if the act
is arbitrary or unreasonable.  Low v. Henry, 221 S.W.3d 609, 614
(Tex. 2007); Cire v. Cummings, 134 S.W.3d 835, 838–39 (Tex. 2004).  An
appellate court cannot conclude that a trial court abused its discretion merely
because the appellate court would have ruled differently in the same
circumstances.  E.I. du Pont de Nemours & Co. v. Robinson, 923
S.W.2d 549, 558 (Tex. 1995); see also Low, 221 S.W.3d at 620.

A
trial court also abuses its discretion by ruling without supporting evidence.  Ford
Motor Co. v. Garcia, 363 S.W.3d 573, 578 (Tex. 2012).  But an abuse of
discretion does not occur when the trial court bases its decision on
conflicting evidence and some evidence of substantive and probative character
supports its decision.  Unifund CCR Partners v. Villa, 299 S.W.3d 92, 97
(Tex. 2009); Butnaru v. Ford Motor Co., 84 S.W.3d 198, 211 (Tex. 2002).

Section
45.004 of the family code allows for a child’s name to be changed if the change
is in the best interest of the child.  Tex. Fam. Code Ann. § 45.004(a)
(West 2008).  The court has wide discretion in determining whether it is in the
child’s best interest to grant or deny an application for name change.  G.K.
v. K.A., 936 S.W.2d 70, 73 (Tex. App.—Austin 1996, no writ).  The basic
consideration in a proceeding of this character is the best interest of the
child.  Newman v. King, 433 S.W.2d 420, 423 (Tex. 1968).  A parent’s
interests and desires are of secondary importance.  In re Guthrie, 45
S.W.3d 719, 724 (Tex. App.—Dallas 2001, pet. denied).  In determining the best
interest of the child, the trial judge had broad discretion because she had the
opportunity to observe and evaluate the personalities involved, weigh the
credibility of their testimony, and assess the physical, mental, moral, and
emotional needs of the child.  In re S.C.S., No. 05-09-00832-CV, 2010 WL
3091373, at *4 (Tex. App.—Dallas Aug. 6, 2010, pet. denied) (mem. op.) (citing Bennett
v. Northcutt, 544 S.W.2d 703, 708 (Tex. Civ. App.—Dallas 1976, no writ).

          Mother
first argues that because the order did not contain a finding that the trial
court found the name change to be in the best interest of the child, “the name
change was arbitrary because it was not tied to any legal standard.”[6] 
The lack of an explicit finding of best interest does not mean that the trial
court did not determine that the name change was in the child’s best interest. 
Mother did not request findings pursuant to rule 296 of the rules of civil
procedure, and there were no separately entered findings of fact or conclusions
of law after the order.  See Tex. R. Civ. P. 296.  In a trial to the
court in which no findings of fact or conclusions of law are filed, the trial
court’s judgment implies all findings of fact necessary to support it.  Spir
Star AG v. Kimich, 310 S.W.3d 868, 871–72 (Tex. 2010); Moncrief Oil
Int’l, Inc. v. OAO Gazprom, 332 S.W.3d 1, 7 (Tex. App.—Fort Worth 2010, pet.
granted).  When a reporter’s record is filed, however, these implied findings
are not conclusive, and an appellant may challenge them by raising both legal
and factual sufficiency of the evidence issues.  Sixth RMA Partners,
L.P. v. Sibley, 111 S.W.3d 46, 52 (Tex. 2003); Moncrief Oil, 332
S.W.3d at 7.  When such issues are raised, the applicable standard of
review is the same as that to be applied in the review of jury findings or a
trial court’s findings of fact.  Roberson v. Robinson, 768 S.W.2d 280,
281 (Tex. 1989); Liberty Mut. Ins. Co. v. Burk, 295 S.W.3d 771, 777
(Tex. App.—Fort Worth 2009, no pet.).  The judgment must be affirmed if it can
be upheld on any legal theory that finds support in the record.  Rosemond v.
Al-Lahiq, 331 S.W.3d 764, 767 (Tex. 2011); Liberty Mut., 295 S.W.3d
at 777.

          Mother
does challenge the legal and factual sufficiency of the evidence supporting the
name change.  As we have previously explained,

Legal and factual sufficiency are not independent grounds
for review in conservatorship cases, but they are relevant factors in deciding
whether an abuse of discretion
occurred.  In determining whether there has been an abuse
of discretion because the evidence is
legally or factually insufficient to support the trial court’s decision, we
engage in a two-pronged inquiry:  (1) Did the trial court have enough
information upon which to exercise its discretion; and (2) did the trial court
err in applying its discretion?  

In
re W.M., 172 S.W.3d 718, 725 (Tex. App.—Fort Worth 2005, no
pet.) (citations omitted).  This court and some of our sister courts have
identified a nonexclusive list of factors to consider in determining whether
the name change is in the best interest of the child, including the following
relevant factors:

•      whether the changed
name or the original name would best avoid embarrassment, inconvenience, or
confusion;

 

•      the length of time
that the child has carried the original name;

 

•      the degree of
community respect associated with the original and changed names;

 

•      whether the change
will positively or adversely affect the bond between the child and the parent
or the parent’s families;

 

•      the preference,
maturity, and age of the child;

 

•     
whether
the party seeking the name change is motivated by an attempt to alienate the
child from a parent.

In
re A.W.G., No. 02-10-00376-CV, 2011 WL 3795237, at *3 (Tex. App.—Fort
Worth Aug. 25, 2011, no pet.).

          The
DFPS caseworker testified that she believed it was in Tailpipe’s best interest
to change his name.  She explained that the Langs call Tailpipe “Tay.”  Denise
Lang testified that she wanted the name change and believed the proposed order
was in Tailpipe’s best interest.  Neither the caseworker nor Denise explained
why they believed the name change was in Tailpipe’s best interest.  Mother
testified that she wanted his name to remain Tailpipe Greasy-Spoon.  When she
was asked why, she answered, “Because I love him.”

          Although
no witness testimony was presented regarding the above-listed factors, the name
itself is evidence enough upon which the trial court could exercise its
discretion.  No reasonable trier of fact could find that being named Tailpipe
Greasy-Spoon would not lead the child to suffer embarrassment, inconvenience,
and confusion.  Neither does a name comprised of soiled, inanimate objects lend
itself to respect in the community.  The Langs call Tailpipe by the nickname
“Tay,” which is also a diminutive of Taylor.  At the time of the hearing,
Tailpipe was one year old.  Considering his young age and that he is not called
by his given name, Tailpipe could not have formed an attachment to his given
name that would lead to a difficult transition to a new name.  Further, there
was no evidence that Tony and Denise or DFPS was motivated by an attempt to
alienate the child from Mother.  Keeping in mind that the ultimate concern of
the court is the child’s best interest, we cannot say that the trial court
abused its discretion in changing Tailpipe’s name from Tailpipe Greasy-Spoon Lang
to Taylor Gregory Lang.  We overrule Mother’s second issue.

Conclusion

          Having
sustained Mother’s first issue, we reform the judgment to delete any reference
to an agreement or an agreed judgment.  Having overruled Mother’s second issue,
we affirm the trial court’s judgment as modified.

 

 

 

LEE GABRIEL
JUSTICE

 

PANEL: 
DAUPHINOT,
GARDNER, and GABRIEL, JJ.

 

DELIVERED:  January 4, 2013








 









[1]See Tex. R. App. P. 47.4.





[2]We use aliases for the child
and his relatives throughout this opinion.  See Tex. R. App. P.
9.8(b)(2).  We use “Tailpipe Greasy-Spoon” to reflect the child’s unusual given
name, which is similarly comprised of objects not conventionally used for a
human child’s name.





[3]Tailpipe’s father is
unknown.  In her psychological evaluation, Dr. Wiggins asked Mother who
Tailpipe’s father was and Mother responded, “Science.”  When Dr. Wiggins asked
what Mother meant, Mother said that “it is ‘Nobody,’” and later said that she
did not know who the father was so she just wrote “Science.”  She also reported
that her current partner was “BQK08597,” but she later explained that was the
number on Tailpipe’s hospital wristband.





[4]Dr. Wiggins reported that
Mother told her that “she had one baby in the hospital and ‘it was weird to
look at’” and that Mother listed the name of her child as “Labor, heaven Change
Space.”  She said that “picking up a baby when he cries spoils him,” that “a
child should be potty trained by the time he’s one year old,” and that children
“are really little adults.”





[5]On November 20, 2012, we
notified Tony and Denise Lang that we had not received their appellees’ brief. 
See Tex. R. App. P. 38.6(b).  We notified the Langs that if they did not
file a motion reasonably explaining the failure to file a brief and the need
for an extension, the appeal would be set for submission without their appellees’
brief.  The Langs filed a brief in this court that contained a number of formal
defects.  See Tex. R. App. P. 9, 38.  They did not file a motion
explaining their failure to timely file a brief.  We therefore order Tony and
Denise’s untimely brief stricken, and we proceed with this appeal as if they had
failed to file a brief.  See Tex. R. App. P. 38.9(a).





[6]The order stated, “The
Court finds that the parties and attorneys agree that the following Orders are
necessary for the safety and welfare of the Child and that such Orders are in
the best interest of the Child.”  It did not contain a finding that the trial
court itself found that the order was in the best interest of the child.