[No. 51444–5.   En Banc.   December 12, 1985.]

SUSAN DAVES, ET AL, *Petitioners,* v. CHRIS NASTOS, *Respondent.*

*G. L. Brown* and *David J. Ordell* (of *Ordell, Lawrie & Brown*), for petitioners.

*John C. Peick* and *Steven G. Lingenbrink,* for respondent.

DORE, J.—Susan Daves petitions for review of the Court of Appeals decision affirming the trial court's order that her daughter Alaina's last name be changed to that of her father, Chris Nastos. We affirm judgment, except as to its change of name provision. The trial court's order of name change is vacated and the case is remanded for a hearing to determine change of name in accordance with evidence of the best interests of the child.

## FACTS

Petitioners Daves brought an action against Nastos to determine Alaina's paternity and to establish support obligations. Alaina was 1½ years old at the time of trial. Her grandmother was appointed guardian ad litem on her behalf. Nastos originally denied paternity and, in his pretrial pleadings, requested no affirmative relief. At trial, however, Nastos requested the court to change Alaina's last name to Nastos.

The trial court found that Nastos was Alaina's father, and ordered the name change pursuant to RCW 26.26.130. Susan Daves challenged the court's jurisdiction to change Alaina's last name. No specific finding was entered as to whether the name change was in Alaina's best interests, but the court did enter the following "finding of fact":

> Under RCW 26.26.130, the Court has the authority to change the name of the child in this matter. Accordingly, the Court directs that the last name of the child be changed from Daves to Nastos and further directs that a new birth certificate be issued to reflect that Christopher Nastos is the father of said child.

Finding of fact 8, Clerk's Papers, at 4–5.

Daves appealed the name change and in a split decision the Court of Appeals affirmed. *Daves v. Nastos,* 39 Wn. App. 590, 694 P.2d 686, *review granted,* 103 Wn.2d 1025 (1985). The Court of Appeals concluded that: (1) a trial court has authority to order a name change; (2) under CR 54(c) a name change could be granted even though it was not requested in the pleadings and it was objected to by Daves; (3) no proper assignment of error was made to the lack of a finding of whether the change was in Alaina's best interests; and (4) even if error had been properly assigned to the failure to enter written findings, the trial court's action in ordering the change necessarily implied the change to be in Alaina's best interests.

## REQUEST FOR RELIEF

Petitioner Daves contends that Nastos should not have been permitted to raise the name change issue at trial. She

asserts that CR 15(b) requires that issues not raised in the pleadings be tried only with the implicit or explicit consent of the opposing party.[1] Daves argues that she had no time to prepare to contest the issue and she was prejudiced by the court's action permitting the issue to be raised.

The Court of Appeals concluded, however, that CR 54(c) applies in this case. CR 54(c) provides, in part, that every final nondefault judgment "shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings." The Court of Appeals said that CR 15(b) is addressed to the litigation of *issues* rather than to the granting of *relief,* thus suggesting CR 15(b) may not apply to this case. Further, the court seemed to say that even if CR 15(b) applies to the name change request, petitioner failed to show any prejudice resulting from the raising of the issue. *See* CR 15(b).

Two points are implicated by petitioner's argument that CR 15(b) precludes Nastos from requesting the name change. First, petitioner did not argue prejudice to the Court of Appeals, although she does so now. Second, under CR 15(b) the trial court may grant a continuance to enable the objecting party to meet evidence which would otherwise prejudice that party. Nothing in the record indicates whether or not a continuance was sought. If a continuance is not requested, a CR 15(b) objection is not available on appeal. *V.C. Edwards Contracting Co. v. Port of Tacoma,* 83 Wn.2d 7, 514 P.2d 1381 (1973).

Nonetheless, applicability of CR 54(c) is questionable. This rule provides that the court shall grant relief to which

---

[1] CR 15(b) provides that where issues not raised by the pleadings are tried with the express or implied consent of the parties, such issues are to be treated as if they were raised in the pleadings. If evidence is objected to on the grounds that it is not within the issues raised by the pleadings, the court shall freely allow the pleadings to be amended if the objecting party fails to satisfy the court that admission of the evidence would prejudice him. The rule further provides that the court may grant a continuance so that the objecting party has time to meet the evidence.

the party is *entitled,* even if not requested in the pleadings. The appropriateness of applying CR 54(c) in this case obviously depends on whether Nastos is entitled to the name change of his daughter. This question, in turn, depends on the authority of the court to grant the requested name change, and on the *circumstances* under which any such authority is properly exercised in a given case. These questions are separately discussed below.

### NAME CHANGE AUTHORITY

The courts below rely upon RCW 26.26.130 as providing the trial court with authority to order that a child's name be changed. This statutory provision does not contain specific language authorizing a change of name in a paternity proceeding. It is possible that the trial court's finding of authority, like that of the Court of Appeals, rests on subsection (3) of the statute. That subsection provides:

> The judgment and order shall contain other appropriate provisions directed to the appropriate parties to the proceeding, concerning *the duty of current and future* support, the extent of any liability for past support furnished to the child if that issue is before the court, the custody and guardianship of the child, visitation privileges with the child, the furnishing of bond or other security for the payment of the judgment, *or any other matter in the best interest of the child.* The judgment and order may direct the father to pay the reasonable expenses of the mother's pregnancy and confinement.

(Italics ours.) RCW 26.26.130(3).

In this case, the Court of Appeals concluded that the broad language in RCW 26.26.130(3), "any other matter in the best interest of the child", encompasses a grant of authority to change a child's name in a paternity proceeding. In questioning this conclusion, Judge Ringold pointed out that the law in effect prior to Washington's adoption of the Uniform Parentage Act (UPA), former RCW 26.24.190, contained an express provision authorizing the trial court, in its discretion, to order that a child's surname be changed to that of the accused father. *Daves v. Nastos, supra* at 597

n.4 (Ringold, J., dissenting) (citing Laws of 1919, ch. 203, § 19). Judge Ringold, noting that no similar express grant is included in the UPA, suggests that the majority's conclusion may be incorrect in light of the general rule of statutory construction that a change in legislative purpose must be presumed from a material change in a statute. *See In re Jackson,* 89 Wn.2d 945, 578 P.2d 33 (1978).

Although the emphasized language may be sufficiently all encompassing to permit a name change, one recent case involving a marriage dissolution child custody proceeding may suggest to the contrary, given the absence of a specific grant of name change authority. *In re Marriage of Hurta,* 25 Wn. App. 95, 605 P.2d 1278 (1979). In *Hurta,* the Court of Appeals concluded that where a father petitioned for modification of a divorce decree to provide that his child's last name be changed to his own, the application for the name change was improperly made. The court said that application must be made under RCW 4.24.130, a statute specifically providing for a person to change his or her name and that of his or her children, and that there is no provision in the dissolution statute providing for changing a child's name. *See* RCW 26.26.130. The statutes regarding child custody, like RCW 26.26.130, require the court to consider the best interests of the child. RCW 26.09.190, .260; RCW 26.27.030. The requirement in these provisions that the best interests of the child be considered does not grant, by implication, the trial court the authority to change the child's name. In at least one adopting jurisdiction, the UPA has been amended to specifically permit a change in name. *See* Minn. Stat. § 257.51 *et seq.* (1984).

■ We find that the paternity statute, RCW 26.26.130, does not in itself authorize a name change. Nevertheless, we hold that a name change can be procured in a paternity action by amendment of the pleadings to maintain an action pursuant to RCW 4.24.130 in conjunction with a paternity proceeding. The party desiring a change of name of his or her child must set forth the reasons for the change. RCW 4.24.130. The court in its discretion may order a

change of the name when found to be in the best interests of the child. RCW 26.26.130(3).

We thus turn to the next question, which is whether the trial court's order can be upheld upon these principles.

### FINDING OF CHILD'S BEST INTEREST

The Court of Appeals held that petitioner had not properly assigned error to the question of whether findings relating to the child's best interests were entered or not. As indicated previously, petitioner does assign error to the only "finding of fact" relating to the name change, and does set it forth verbatim in her brief. While argument in the brief is not extensive, petitioner does contend and cite authority to the effect that the order should be vacated since no finding was made that any change would be in Alaina's best interests. Under these circumstances, a sufficient assignment of error is made to apprise the appellate court of the alleged error. *See Ford v. Bellingham–Whatcom Cy. Dist. Bd. of Health*, 16 Wn. App. 709, 558 P.2d 821 (1977).

As previously indicated, the trial court did not enter any specific findings that a name change was in the best interests of the child. There is no issue that the welfare of a child must ultimately be the controlling consideration in any change of status. *See State v. Santos*, 104 Wn.2d 142, 702 P.2d 1179 (1985). A change in surname, so that a child no longer bears the name of a custodial parent, not only is of inherent concern to the custodial parent, but is, in a real sense, a change in status having significant societal implications. Once a surname has been selected for a child, be it the maternal, paternal, or some combination of the child's parents' surnames, a change in the child's surname should be granted only when the change promotes the child's best interests. Since the child's best interests are the ultimate fact on this material issue, the trial court is required to enter a finding on this issue. *See Chapman v. Perera*, 41 Wn. App. 444, 704 P.2d 1224 (1985); *Daughtry v. Jet Aeration Co.*, 91 Wn.2d 704, 707, 592 P.2d 631 (1979); *Schoon-*

*over v. Carpet World, Inc.,* 91 Wn.2d 173, 588 P.2d 729 (1978); *see also In re Marriage of Hurta* (even if the application for a name change was properly made, the record must show that the proposal was considered from the standpoint of the child's best interests).

█ In a paternity proceeding neither parent of a non-marital child has a right superior to the other to determine the surname of the child. The real issue before the court is whether the child's best interests will be served by an order directing that her name be changed to that of her father, or whether her interests will be better served by retaining her mother's maiden name. In determining the child's best interests, the trial court may consider, but its consideration is not limited to, the following factors: the child's preference; the effect of the change of the child's surname on the preservation and the development of the child's relationship with each parent; the length of time the child has borne a given name; the degree of community respect associated with the present and the proposed surname; and the difficulties, harassment or embarrassment that the child may experience from bearing the present or the proposed surname. *See In re Saxton,* 309 N.W.2d 298 (Minn. 1981); *In re Marriage of Schiffman,* 28 Cal. 3d 640, 620 P.2d 579, 169 Cal. Rptr. 918 (1980); *In re Harris,* 160 W. Va. 422, 236 S.E.2d 426, 430 (1977) (Harshbarger, J., concurring); Note, *The Controversy Over Children's Surnames: Familial Autonomy, Equal Protection and the Child's Best Interests,* Utah L. Rev. 303 (1979). In weighing these factors to reach a decision, the trial court must set out its reasons for granting or denying the application to change the minor's surname.

Although the interests of a mother and child will frequently coincide in a paternity proceeding, they can frequently diverge. Where the action is solely confined to determination of paternity, the child's guardian or guardian ad litem may be justified in determining that the mother's legal representative sufficiently represents the interests of the child. However, when the proceedings also concern an

issue of name change, the child's guardian or guardian ad litem should take a more active role. Both the Legislature and this court have required that there shall be no conflicting interests between the minor and the party representing the child. RCW 26.26.090; *Miller v. Sybouts,* 97 Wn.2d 445, 645 P.2d 1082 (1982); *Hayward v. Hansen,* 97 Wn.2d 614, 647 P.2d 1030 (1982). When a name change is at issue, the custodial mother's interest is potentially adverse to the best interests of the child. In this instance, care must be taken to assure that the mother's interests do not taint the determination of the child's best interests. The child's guardian cannot passively stand by, but must become an active participant and, under appropriate circumstances, obtain independent legal counsel to represent the child. *See State v. Santos,* 104 Wn.2d 142, 702 P.2d 1179 (1985).

The report of proceedings and scant clerk's papers in the instant action reveal little of what occurred below. It does appear, however, that the trial court failed to consider the issue of name change as an amendment of the pleadings. Nor did the moving party set forth the reasons for requesting a name change. More importantly, the record does not indicate that the child's guardian ad litem was any more than a nominal party to this action, and the record is devoid of any evidence that the trial court considered the best interests of the child when it ordered the name change. Consequently, we must vacate the trial court's order of name change.

## CONCLUSION

The trial court's order of name change is vacated and the case is remanded for a hearing, wherein evidence shall be developed as to changing the name of Alaina Daves, and her best interests, if any, which would warrant making a change of name. Further, the trial judge shall see to it that the minor child, Alaina Joy Daves, is adequately represented in these proceedings.

DOLLIVER, C.J., and UTTER, BRACHTENBACH, PEARSON, ANDERSEN, CALLOW, GOODLOE, and DURHAM, JJ., concur.