**IN THE COURT OF APPEALS OF TENNESSE**

**EASTERN SECTION AT KNOXVILLE**

FILED

January 13, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

|                                                    |     |                          |
| -------------------------------------------------- | --- | ------------------------ |
|                                                    | )   |                          |
|                                                    | )   | KNOX JUVENILE            |
| STATE OF TENNESSEE                                 | )   |                          |
| DEPARTMENT OF HUMAN                                | )   | NO. 03A01-9705-JV-00184  |
| SERVICES,                                          | )   |                          |
| JOSHUA A. WILLIAMSON,                              | )   |                          |
|                                                    | )   | HON. CAREY E. GARRETT    |
| Petitioner/Appellee,                               | )   | JUDGE                    |
|                                                    | )   |                          |
| v.                                                 | )   |                          |
|                                                    | )   |                          |
| CHRISTINA SANDERS,                                 | )   |                          |
|                                                    | )   |                          |
| Respondent/Appellant                               | )   | AFFIRMED                 |

Jean Brown Dyer, Lenoir City, for Appellant.

John R. Rosson, Jr., Knoxville, for Appellee.

---

**O P I N I O N**

INMAN, Senior Judge

An Order of Legitimation of the child of Joshua Allen Williamson and Christina Louise Sanders, born September 13, 1995 in West Germany, was entered on May 21, 1996.

By order entered September 24, 1996, pursuant to a petition to modify the Order of Legitimation, the Juvenile Court held it to be in the best interest of the child, formerly known as Alexander Baldwin Sanders, "to carry the name of his father . . . and hereafter to be known as Alexander Baldwin Williamson."

Mother appeals, insisting that the father failed to carry the burden of

proving that changing the surname of the child was in his bet interest. We affirm, for the reasons following.

The objection of the mother to the change of the name of her son may be simply stated. Alexander is in her custody and lives in her home. She has another son who is illegitimate, and believes that it would not be appropriate for Alexander to have a different surname from his mother and half-brother.

The father believes that his son should bear his surname so that the family name may be carried on. He testified that he has established a bond with his son, and that it is in the best interest of Alexander that he share his father's name. The *guardian ad litem* recommended the name change as being in the best interest of Alexander; so did his paternal grandmother.

Mother argues that T.C.A. § 68-3-305(b)(1) provides that a child's surname shall be the surname of the mother when the mother was unmarried at the time of conception or birth. But a succeeding statute, T.C.A. § 68-3-305(c), provides that in any case where the paternity of a child is determined by a court of competent jurisdiction, the name of the father and surname of the child shall be entered on the birth certificate in accordance with the order of the Court.

The lack of clarity of the statutory scheme was alleviated by *Barabas v. Rogers,* 868 S.W.2d 283 (Tenn. App. 1993), wherein we held:

> "The courts should not change a child's surname unless the change promotes the child's best interests. *Halloran v. Kostka,* 778 S.W.2d 454, 456 (Tenn. Ct. App. 1988); *see also In re Marriage of Schiffman,* 169 Cal. Rptr. 918, 921, 620 P.2d 579, 582 (1980); *In re Cardinal,* 611 A.2d at 517; Kristine C. Karnezis, Annotation, *Rights and Remedies of Parents Inter Se With Respect to the Name of Their Children,* 92 A.L.R.3d 66 § 8.5 (Supp. 1992). Among the criteria for determining whether changing a child's surname will be in the child's best interests are: (1) the child's preference, (2) the change's potential effect on the child's relationship with each parent, (3) the length of time the child has had its present surname, (4) the degree of community respect associated with the present and proposed surname, and (5) the difficulty, harassment, or embarrassment that the child may experience from bearing either its present or its

2

proposed surname. *In re Saxton,* 308 N.W.2d 298, 301 (Minn. 1981); *Bobo v. Jewell,* 528 N.E.2d at 185; *Daves v. Nastros,* 105 Wash.2d 24, 711 P.2d 314, 318 (1985). The parent seeking to change the child's surname has the burden of proving that the change will further the child's best interests. *In re Petition of Schidlmeier,* 344 Pa.Super. 562, 496 A.2d 1249, 1253 (1985); *In re M.L.P.,* 621 S.W.2d 430, 431 (Tex. Ct. App. 1981)."

Our review of the findings of fact made by the trial court is *de novo* upon the record of the trial court, accompanied by a presumption of the correctness of the finding, unless the preponderance of the evidence is otherwise. T.C.A. § 50-6-225(e)(2). *Stone v. City of McMinnville,* 896 S.W.2d 548, 550 (Tenn. 1995). No finding of the child's preference can be made in view of his age, but the remaining criteria reasonably appear satisfied from the proof adduced at trial. Alexander knows his father, who provides for him; a bond has developed between them, he has been legitimated and would obviously suffer community disrespect if he did not bear the surname of his father. We cannot find that the evidence preponderates against the judgment, which is affirmed at the costs of the appellant.

                                          _____

                                          William H. Inman, Senior Judge

CONCUR:

_____
Houston M. Goddard, Judge

_____
Herschel P. Franks, Judge