# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

IN THE MATTER OF:                          )
K. E. C. D.                                )        Appeal No.
A child Under the Age of 18 Years,         )        M1998-00759-COA-R3-CV
                                           )
                                           )
                                           )        Sumner Juvenile
                                           )        No.  57-389
                                           )
                                           )        **FILED**

**February 1, 2000**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

APPEAL FROM THE JUVENILE COURT
FOR SUMNER COUNTY

THE HONORABLE BARRY BROWN PRESIDING


GARY M. WILLIAMS
181 EAST MAIN STREET, HAZEL PATH
JEFFERSON BUILDING, SUITE ONE
HENDERSONVILLE, TENNESSEE 37075

ATTORNEY FOR PETITIONER/APPELLANT


LASHUARDA LAVELL VENABLE
104 WALNUT CREST
GALLATIN, TENNESSEE 37066

PRO SE/RESPONDENT/APPELLEE


## VACATED AND REMANDED


PATRICIA J. COTTRELL, JUDGE

CONCUR:

CANTRELL, P. J.
KOCH, J.

# OPINION

This appeal involves a dispute over the surname of a child born to unmarried parents. The biological father ("Father") of the minor child, seeks reversal of the juvenile court's denial of his motion to change the child's last name. Over the objections of the mother ("Mother"),[1] Father sought to change his son's last name to his own to reflect his paternity. For the following reasons, we vacate and remand.[2]

The minor child[3] was born on January 5, 1997 to Mother, who was unmarried at the time. Father had dated Mother in 1996, and she purportedly told him in June of that year that she was pregnant with his child. Father testified that he took Mother to the obstetrician several times and visited Mother and the child at the hospital shortly after the birth. He continued to visit with the child until mid-1997 when Mother denied him further visitation after she moved in with Mr. Debow, with whom she had developed a romantic relationship.

The record shows that on January 16, 1997, Mr. Debow filed a Voluntary Acknowledgment of Paternity of a Child in which he claimed to be the child's father. This form, which was executed by both Mr. Debow and Mother, stated that the child's last name was Debow. On January 27, 1997, the juvenile court issued an Order of Paternity declaring that Mr. Debow was the father of the minor child. At that time, and until he instituted these proceedings, Father was unaware of the Acknowledgment or the paternity order.

---

[1] In pleadings and orders in the proceedings below, the mother is referred to by the last name appearing on the DNA Parentage Test Report issued March 2, 1998. However, the Voluntary Acknowledgment of Paternity lists the mother by a different last name and was signed by the mother using that name. The record reveals that during the pendency of the proceedings, the mother married, but nothing indicates whether she began using her husband's surname.

[2] This case was submitted for a decision on the record and Appellant's brief pursuant to Tenn. R. App. P. 29(c) after Appellee, Mother, failed to timely file a brief or respond to this court's order requiring her to show cause why the appeal should not be submitted for a decision on the record and Appellant's brief. Father has filed a statement of the evidence, approved by the trial court, pursuant to Tenn. R. App. P. 24(f). Mother did not contest its contents.

[3] In furtherance of the policy protecting the identity of juveniles involved in juvenile court proceedings, we will refer to the child as K. E. C. D. We note, however, that the child's first name is spelled several different ways in documents in the record. The birth certificate is not in the record on appeal.

On December 19, 1997, Father commenced the underlying action by filing a Petition for Parentage and Visitation in which he claimed he was the child's biological father. The Petition requested that the court order genetic testing to determine the child's parentage. After a hearing in which Mother agreed to the facts alleged by Father, the court ordered that the parties and the minor child submit to genetic testing. After undergoing the testing, Father amended his petition to seek joint custody. In support, he presented the DNA Parentage Report which showed a 99.97 % probability that Father had fathered the minor child.

On May 5, 1998, the juvenile court issued an Order of Parentage, Custody and Visitation, finding that Father was the child's father. The court granted Father's Petition and vacated the Order establishing the paternity of Mr. Debow, declaring that order void and of no effect. The court denied Father's request for joint custody, granted him visitation, and imposed child support obligations upon him. It reserved the issue of whether the child's name should be changed and ordered that the child's last name remain "the same for the present time" pending further proceedings.

On July 30, 1998, Father filed a Motion to Change Name of Minor Child. He argued that the child's last name should be that of his natural, legal and biological father, rather than that of an unrelated individual. The court heard the matter on September 2. Father testified that since he had filed the Petition for Name Change, he had learned that Mother and Mr. Debow had married, which he asserted was done to defeat his attempt to change the child's name. Mother objected to the name change. At the close of the evidence, the trial court denied the motion and Father then commenced this appeal.

Before we begin our analysis, we should explain that it appears that the child's surname, which Father wants changed, is Debow. The record does not include the child's birth certificate. However, the Statement of Evidence includes a statement by Mother that she "named the child's last name after Mr. Debow" even though Mr. Debow was not the child's father. It also contains a

statement that the trial court noted that the child's last name, Debow, was the name of Willie Debow, not the name of Mother. In Father's Motion to Change Name filed July 30, 1998, Father alleged that the child's last name was Debow, the name of the child's step-father. In addition, the child's last name was given as "Debow" in the Voluntary Acknowledgment of Paternity form executed by Mr. Debow and Mother the day after the child's birth.[4] It, therefore, appears that the child's surname has been Debow and that the parties and the trial court acknowledged that to be the child's name at the time of the proceedings below.

## I.

The sole issue presented on appeal is whether the juvenile court erred in denying petitioner's motion to change his child's name to reflect his paternity. Father argues that the juvenile court erroneously determined that whenever a mother objects to changing her child's name, the change would not be in the child's best interest.[5]

The scope of our review is *de novo* on the record with the presumption of correctness of the trial court's findings of fact unless the evidence preponderates otherwise. *See* Tenn. R. App. P. 13(d); *Halloran v. Kostka*, 773 S.W.2d 454, 455 (Tenn. Ct. App. 1988).

The General Assembly has provided specific direction on the matter of appropriate surnames for children of unmarried mothers. Tenn. Code Ann. § 68-3-305(b) (Supp. 1999) states in pertinent part:

> (1) If the mother was not married at the time of either conception or birth or between conception and birth, the name of the father shall not be entered on the certificate of birth, and **the surname of the child shall be that of the legal surname of the mother**. All information pertaining to the father shall be omitted. (emphasis added.)

Thus, at the time of the child's birth, the mother's legal surname should

---

[4]Mother signed the Voluntary Acknowledgment using a different surname than that used to refer to her in this litigation. Nothing in the record explains this difference.

[5]The court's order does not reflect its reasoning. However, the Statement of the Evidence, which was approved by the trial court, includes a statement attributed to the court that "under the present state of law in Tennessee, if the mother objects to the child's last name being changed to the father's in a paternity case, then the Court did not have authority to change the child's name as it would not be in the child's best interest."

have been entered on the birth certificate as the child's surname.

However, Mother and Mr. Debow signed a Voluntary Acknowledgment of Paternity the day after the child was born. Tenn. Code Ann. § 68-3-305(b) includes a provision applicable to that situation:

> (2)(A) If an original, sworn acknowledgment signed by both the mother and the biological father of a child on a form provided by the state registrar or the department of human services is submitted to the office of vital records, at any time prior to the child's nineteenth birthday, **the legal surname of the father may be entered on the certificate as that of the child**, and the father's name and other personal information may be entered in the spaces provided on the birth certificate, notwithstanding the absence of a marriage relationship between the parents of the child. . . . (emphasis added.)

This provision would have authorized entry of the surname Debow as the child's surname upon submission of the Acknowledgment. Since that Acknowledgment was later discovered and judicially determined to be false, and the Order of Paternity based upon it was voided, neither the Acknowledgment nor Tenn. Code Ann. § 68-3-305(b)(A) would authorize the continued use of the surname Debow.

The statute also provides that in cases in which paternity of a child is determined by a court, "the name of the father and surname of the child shall be entered on the certificate of birth in accordance with the finding and order of the court." Tenn. Code Ann. § 68-3-305(c)(Supp. 1999). "In all other cases, the surname of the child shall be the legal surname of the mother." Tenn. Code Ann. § 68-3-305(d) (Supp. 1999).

The trial court entered an Order of Paternity on January 27, 1997, based upon the false Voluntary Acknowledgment of Paternity, which declared Mr. Debow to be the father of the child. However, the trial court made no finding or order regarding the child's surname, presumably because the child's name was already reflected as Debow due to the filing of the Acknowledgment. As a result of Father's action herein, however, the court later vacated the earlier paternity order, finding:

> that based on such DNA tests and the testimony of the parties and

5

Mr. Debow that Mr. Debow is not the natural, legal or biological father of the minor child, K. E. C. D. Therefore, the previous order of the Court establishing paternity between Mr. Debow and the minor child, K. E. C. D., is vacated, void and of no effect.

Thus, the court's now voided paternity order regarding Mr. Debow provides no authority for the child's last name to remain Debow.

In Father's paternity action, the trial court held that Father was the child's natural, legal and biological father. Thus, this is a "case in which paternity of a child [has been] . . . determined by a court of competent jurisdiction." Tenn. Code Ann. § 68-3-305(c). In such circumstances, Tenn. Code Ann. § 68-3-305(c) dictates that "the name of the father and surname of the child shall be entered on the certificate of birth in accordance with the finding and order of the court." However, "a nonmarital child's surname is not changed following a paternity or legitimation proceeding unless the court orders that the name be changed. Tenn. Code Ann. §§ 36-2-208, 36-2-206(b), 68-3-305(c); *see also* Tenn. Comp. R. & Regs. R. 1200-7-1-.04(3)-(5) (1989)." *Barabas v. Rogers*, 868 S.W.2d 283, 287 (Tenn. Ct. App. 1993). Father sought such an order.

On this record, we are unable to determine whether the child's last name comports with the statutory dictates because the record is not clear as to the mother's surname at the time of the child's birth and does not include the child's birth certificate. However, it is clear that none of the relevant statutory provisions authorized that the child's birth certificate reflect the child's surname as Debow at the time of birth. Although Tenn. Code Ann. § 68-3-305(b)(2)(A) would have authorized listing the child's surname as Debow on the basis of the Voluntary Acknowledgment, that document, having been found to have been fraudulently executed, can no longer justify use of the surname Debow on the child's birth certificate. Similarly, the later marriage of Mr. Debow and Mother does not automatically affect the child's name.

It is clear that there is no legal basis for the child's surname to remain reflected on his birth certificate as Debow. The statutes require that the child's surname be that of its unmarried mother at the time of birth absent a valid

Acknowledgment of Paternity or court order changing the name, pursuant to a finding of paternity.[6]

Having found that there is no authority for the child's birth certificate to reflect the child's surname as Debow, the first step in determining whether a name change should be granted is to ascertain the child's correct surname, according to statute. Our analysis leads to the conclusion that the child's surname should be and legally is the legal surname of the mother at the time of birth. The record before us, however, is not clear on what that name is. Therefore, we must remand this case to the trial court to ascertain Mother's legal surname at the time of birth, the beginning point for a determination of whether the child's surname should be changed.

The decision of whether to change the child's surname is subject to an analysis based upon concern for the child's welfare. This court has held that:

> the courts should not change a child's surname unless the change promotes the child's best interests. *Halloran v. Kostka*, 778 S.W.2d 454, 456 (Tenn. Ct. App. 1988); *see also In re Marriage of Schiffman*, 28 Cal. 3d 640, 620 P.2d 579, 582, 169 Cal. Rptr. 918 (Cal. 1980); *In re Cardinal*, 611 A.2d at 517; Kristine C. Karnezis, *Annotation, Rights and Remedies of Parents Inter Se With Respect to the Name of Their Children*, 92 A.L.R.3d 66 § 8.5 (Supp. 1992). Among the criteria for determining whether changing a child's surname will be in the child's best interests are: (1) the child's preference, (2) the change's potential effect on the child's relationship with each parent, (3) the length of time the child has had its present surname, (4) the degree of community respect associated with the present and proposed surname, and (5) the difficulty, harassment, or embarrassment that the child may experience from bearing either its present or its proposed surname. *In re Saxton,* 309 N.W.2d 298, 301 (Minn. 1981); *Bobo v. Jewell*, 528 N.E.2d at 185; *Daves v. Nastos*, 105 Wash. 2d 24, 711 P.2d 314, 318 (Wash. 1985). The parent seeking to change the child's surname has the burden of proving that the change will further the child's best interests. *In re Petition of Schidlmeier,* 344 Pa. Super. 562, 496 A.2d 1249, 1253 (Pa. Super. Ct. 1985); *In re M.L.P.,* 621 S.W.2d 430, 431 (Tex. Ct. App. 1981).

*Barabas v. Rogers*, 868 S.W.2d at 287.

We are unaware of any authority that, in the context of a court-ordered name change as part of an adjudication of paternity, requires mother's approval of the name change. Rather, consideration of all the factors which contribute to

---

[6]In fact situations not present here, courts may order name changes on other grounds. See, e.g., Tenn. Code Ann. § § 29-8-101; 36-1-115(a).

the child's best interest is necessary.

On this incomplete record, we are unable to determine which name (the Mother's surname at the date of birth or the biological father's surname) would promote the child's best interest. The absence of a birth certificate prevents us from determining the child's present legal name. Nor is the record clear on the mother's legal name at the date of the child's birth. *See* Tenn. Code Ann. § 68-3-305(b). Under these circumstances, we must remand this case for further fact finding on these issues and for a determination of which name would promote the child's best interest. *See Barabas*, 868 S.W.2d at 287-88.

Because the child's interest will be best served by a speedy resolution of the issue of his surname and a court-ordered correction of his birth certificate, we direct that a hearing be held within ninety days of the filing of this opinion and accompanying judgment. If no party seeks a hearing within that time, the trial court is directed to enter an order correcting the child's birth certificate to reflect Mother's legal surname at the time of the child's birth as the child's surname. If a hearing is timely held, the trial court shall enter an order directing that the birth certificate be changed to reflect that surname that the court determines is in the child's best interest.

## II.

Accordingly, the order in this case denying Appellant's motion to change the name of the minor child is vacated. This case is remanded for proceedings

consistent with this opinion. Costs of this appeal are to be divided equally between the parties for which execution may issue if necessary.

                                          _____\
                                          PATRICIA J. COTTRELL, JUDGE

CONCUR:


_____\
BEN H. CANTRELL,
PRESIDING JUDGE, (M. S.)


_____\
WILLIAM C. KOCH, JR., JUDGE