IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
On-Brief August 24, 2006

## RONNIE LYN CHRIST v. KERY N. HOMONAI

**A Direct Appeal from the Juvenile Court for Shelby County**
**No. R-8701     The Honorable George Blancett, Judge**

---

**No. W2006-00352-COA-R3-JV - Filed September 14, 2006**

---

This appeal involves a dispute over a non-marital child's surname. Father/Appellant filed a petition in the Juvenile Court of Shelby County, seeking to legitimate his son and to give him his surname. Following a bench trial, the juvenile court legitimated the child, and directed that the child's surname be changed to a hyphenated surname consisting of Mother's maiden name and Father's surname. Father/Appellant appeals.[1] We reverse the trial court's finding concerning the child's surname and remand for further proceedings consistent with T.C.A. 27-3-128 and this Opinion.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Juvenile Court Reversed and Remanded**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and DAVID R. FARMER, J., joined.

Barbara McCullough of Memphis, Tennessee for Appellant, Ronnie Lyn Christ

No brief filed by Appellee

### OPINION

Jake Homonai-Miller (name on birth certificate) was born on April 13, 2005 to Kery N. Homonai ("Mother," or "Appellee"). On December 5, 2005, Ronnie Lyn Christ ("Father," or "Appellant") filed a "Petition to Establish Parentage and to Set Parenting Time" in the Juvenile Court of Shelby County. Attached to the Petition was a DNA test indicating Mr. Christ to be the

---

[1] Because juvenile courts are courts of record, T.C.A. § 37-1-159(a) (2005), appeals in proceedings such as this one proceed directly to this court. T.C.A. § 37-1-159(g).

father of the minor child. The trial court heard the petition on January 17, 2006. On the same day, the trial court entered its Order, which reads, in pertinent part, as follows:

IT IS THEREFORE ORDERED

1. That said child(ren) shall be and is hereby a legitimate child(ren) of Ronnie Lyn Christ for purpose of inheritance, support, and all other lawful purposes.

2. That the setting of support and the matter of medical insurance be and is hereby deferred at this time.

3. That the surname of said child(ren) be and is hereby changed and that said child shall henceforth be known as Jake Christ-Miller.

On January 23, 2006, Mr. Christ filed his Notice of Appeal from this Order. Mr. Christ raises one issue for review as stated in his brief:

Did the Juvenile Court Special Judge err in giving the minor child, JAKE HOMONAI, age nine (9) months, the mother's maiden name of "Miller" as his last name, instead of the Father's last name of "Christ"?

We first note that, because this case was tried by the court sitting without a jury, we review the case *de novo* upon the record with a presumption of correctness of the findings of fact by the trial court. Unless the evidence preponderates against the findings, we must affirm absent error of law. *See* Tenn. R. App. P. 13(d).

T.C.A. 68-3-305(c) ( Supp. 2005) states:

In any case in which paternity of a child is determined by a court of competent jurisdiction, the name of the father and surname of the child shall be entered on the certificate of birth in accordance with the finding and order of the court.

Contrary to Appellant's contention, this statute does not mandate a court to list the surname of a child as that of the biological father following a legitimation proceeding. Rather, the statute requires only that the child's birth certificate be amended to comply with the findings of the court as set out in its order(s). In *Barbas v. Rogers*, 868 S.W.2d 283 (Tenn. Ct. App. 1993), this Court discussed the criteria that should be used in order to determine whether a minor child's last name should be changed, to wit:

The courts should not change a child's surname unless the change promotes the child's best interests. *Halloran v. Kostka*, 778 S.W.2d

454, 456 (Tenn.Ct.App.1988); *see also In re Marriage of Schiffman*, 169 Cal.Rptr. 918, 921, 620 P.2d 579, 582 (1980); *In re Cardinal*, 611 A.2d at 517; Kristine C. Karnezis, Annotation, Rights and Remedies of Parents Inter Se With Respect to the Name of Their Children, 92 A.L.R.3d 66 § 8.5 (Supp.1992). Among the criteria for determining whether changing a child's surname will be in the child's best interests are: (1) the child's preference, (2) the change's potential effect on the child's relationship with each parent (3) the length of time the child has had its present surname, (4) the degree of community respect associated with the present and proposed surname, and (5) the difficulty, harassment, or embarrassment that the child may experience from bearing either its present or its proposed surname. *In re Saxton*, 309 N.W.2d 298, 301 (Minn.1981); *Bobo v. Jewell*, 528 N.E.2d at 185; *Daves v. Nastros*, 105 Wash.2d 24, 711 P.2d 314, 318 (1985). The parent seeking to change the child's surname has the burden of proving that the change will further the child's best interests. *In re Petition of Schidlmeier*, 344 Pa.Super. 562, 496 A.2d 1249, 1253 (1985); *In re M.L.P.*, 621 S.W.2d 430, 431 (Tex.Ct.App.1981).

*Id*. at 287.

In the instant case, the trial made the following, relevant, determinations from the bench:

The petition is sustained and the father has not shown by the burden of proof that the child's last name[should] be changed solely to his last name. The Court will accept the mother's request and the child's name will be Christ-Miller.

\* \* \*

Since he [the Father] hasn't carried the burden of proof that's necessary for the best interest of the child to change it [the child's surname], he hasn't established that proof, so the Court is not going to change it. We'll take the name that the mother wishes it to be, Christ-Miller.

At the time of the hearing, although the Mother had custody of the minor child, Father had filed a petition to change custody, which was pending in the trial court. In its Order, *supra*, the trial court specifically found that Father had failed to meet his burden of proof concerning the child's surname. Nevertheless, the trial court changed the name of the child to comply with the Mother's wishes without any material proof that this surname was in the child's best interest. The trial court then reserved all other matters of support for later determination.

On or about February 2, 2006, the trial court held a hearing on Father's petition for custody. The record contains neither a transcript of these proceedings, nor the Order of the trial court on this hearing, although the Order is attached as an exhibit to Father's brief. It appears, however, that, if the record were supplemented, it would show that custody, with ample reason, was rightfully granted to Father. Therefore, the February 2, 2006 Order appears to be the final order in this case. Consequently, the Father's Notice of Appeal was premature; however, as such, the Notice of Appeal is effective as of the date of the February 2, 2006 Order. *See* Tenn. R. App. P. 4(d).

From our review of the case as it now stands, it appears that we must apply the provisions of T.C.A. § 27-3-128 (2000) in order to do justice. T.C.A. § 27-3-128 provides:

> The court shall also, in all cases, where, in its opinion, complete justice cannot be had by reason of some defect in the record, want of proper parties, or oversight without culpable negligence, remand the cause to the court below for further proceedings, with proper directions to effectuate the objects of the order, and upon such terms as may be deemed right.

Accordingly, we reverse the trial court's finding that the child's surname should be Christ-Miller. We remand the case pursuant to T.C.A. § 27-3-128 to supplement the record with the February 2, 2006 Order and for further proceedings to include proof and findings as to what the child's surname should be in light of the child's best interest and the factors set out in ***Barbas***, *supra*. Costs of the appeal are assessed to Appellant, Ronnie Lyn Christ, and his surety.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.