IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
December 11, 2008 Session


IN RE: A.C.S., A MINOR CHILD


**Appeal from the Juvenile Court for Davidson County**
**No. 2006-006117     Honorable Alan Calhoun, Special Judge**

_____


**No. M2008-898-COA-R3-JV - Filed February 12, 2009**

_____


The Father, C.E.S., and Mother, L.L.S., were not married at the time of the birth of their minor child, A.C.S., on September 27, 2006. The birth certificate was initially caused to reflect the child's surname as that of Mother. On November 17, 2006, the Father filed a petition in the Juvenile Court of Davidson County, Tennessee, to establish parentage for joint custody. An Order of Parentage, reserving the issue of changing the child's surname, was entered by the Juvenile Court, through Special Referee, on February 27, 2007. The Juvenile Court Referee subsequently ordered that the child's surname be changed to that of Father by Order entered December 13, 2007. Following an appeal of the Referee's decision, the Juvenile Court, by Special Judge, affirmed the Referee's decision and ordered that the surname of the child be changed to that of Father. Mother appealed, claiming that Father failed in meeting his burden of proof of showing by a preponderance of the evidence that changing the minor child's surname was in the best interest of the child. We reverse and remand for further proceedings.


**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile**
**Court Reversed; Case Remanded**



THOMAS R. FRIERSON, II, SP. J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., and D. MICHAEL SWINEY, J., joined.

Randall Pierce and Derrick H. Green, Mt. Juliet, Tennessee, Attorneys for the Appellant, L.L.S.

Frank E. Mondelli and Peter D. Heil, Nashville, Tennessee, for the Appellee, C.E.S.

# OPINION

## PROCEDURAL AND FACTUAL BACKGROUND

On September 27, 2006, L.L.S. gave birth to A.C.S.[1] Mother was unmarried at the time of the child's birth. The birth certificate was caused to reflect child's surname as that of Mother. No evidence was presented that upon the child's birth the Father requested that the child's surname be established as his. In connection with Father's subsequent petition to establish parentage for joint custody filed November 17, 2006, he requested, *inter alia*, that the child's birth certificate be amended such that the minor child's surname be changed to that of Father. The Mother opposed the proposed name change. An evidentiary hearing on the issue was conducted by the Referee of the Juvenile Court for Davidson County, Tennessee, on August 2, 2007. On this issue, the Referee ordered that the minor child's surname be changed to that of the Father.

Following an appeal of the Referee's decision, the Juvenile Court, by Special Judge, conducted an evidentiary hearing on October 18, 2007. In affirming the Referee's decision, the Court ordered the child's surname be changed to that of Father and that a new birth certificate be issued to reflect such change. In support of its decision, the Juvenile Court included in its Order the following findings:

> The Court finds that there is a substantial relationship with the minor child and the Father's family and it is in the best interest of the minor child that he have the Father's last name of ... .

On appeal, we have not been provided with a transcript from the October 18, 2007 hearing. Instead, a statement of the evidence, approved by the Juvenile Court, has been filed. While both Mother and Father submitted proposed statements of the evidence, the Juvenile Court approved the statement submitted by Father with one exception. That statement of the evidence further contains an account of the Court's statement and ruling as follows:

> Based on the evidence and testimony, the Judge stated that it is in the child's best interests for ... surname to be that of the father, ... , and that the father had demonstrated a significant relationship with the minor child, that ... could tell that the child had loving grandparents on both sides and loving parents from both sides, and that based on these substantial relationships, that it was in the child's best interests to have the father's last name of ... .

The sole issue on appeal therefore involves the Juvenile Court's decision to change the child's surname from that of Mother to that of Father.

---

[1] To protect the anonymity of the minor child, we refer to all parties using only their initials.

**STANDARD OF REVIEW**

The factual findings of the Juvenile Court are accorded a presumption of correctness, and we will not overturn those factual findings unless the evidence preponderates against them. *See* Tenn. R. App. P. 13(d); *Bogan v. Bogan*, 60 S.W.3d 721, 727 (Tenn. 2001). With respect to legal issues, our review is conducted "under a pure *de novo* standard of review, according no deference to the conclusions of law made by the lower courts." *Southern Constructors, Inc. v. Loudon County Bd. of Educ.*, 58 S.W.3d 706, 710 (Tenn. 2001).

**APPLICABLE LAW AND ANALYSIS**

Tennessee courts recognize that "the birth certificate of a child born to an unmarried mother must reflect that the child's surname is that of the mother unless both parents have requested otherwise." *Barabas v. Rogers*, 868 S.W.2d 283 (1993). For statutory authority, T.C.A. 68-3-305(b)(1) provides in pertinent part as follows:

> If the mother was not married at the time of either conception or birth or between conception and birth, the name of the father shall not be entered on the certificate of birth and all information pertaining to the father shall be omitted, and the surname of the child shall be that of either:
> (A) The surname of the mother;
> (B) The mother's maiden surname; or
> (C) Any combination of the surnames listed in subdivisions (b)(1)(A) and (b)(1)(B).

A court's decision of whether to change the minor child's surname is subject to an analysis based upon concern for the child's welfare as the court in *Barabas, supra,* explained:

> The courts should not change a child's surname unless the change promotes the child's best interests. *Halloran v. Kostka, 778 S.W.2d 454, 456 (Tenn. Ct. App. 1988)*; *see also in re Marriage of Schiffman, 28 Cal. 3d 640, 620 P.2d 579, 582, 169 Cal. Rptr. 918 (Cal. 1980)*; *In re Cardinal, 611 A.2d at 517*; Kristine C. Karnezis, Annotation, *Rights and Remedies of Parents Inter Se With Respect to the Name of Their Children, 92 A.L.R.3d 66* § 8.5 (Supp. 1992). Among the criteria for determining whether changing a child's surname will be in the child's best interests are: (1) the child's preference, (2) the change's potential effect on the child's relationship with each parent, (3) the length of time the child has had its present surname, (4) the degree of community respect associated with the present and proposed surname, and (5) the difficulty, harassment, or embarrassment that the child may experience from bearing either its present or its proposed surname. *In re Saxton, 309 N.W.2d 298, 301 (Minn. 1981)*; *Bobo v. Jewell, 528 N.E.2d at 185*; *Daves v.*

*Nastos, 105 Wash. 2d 24, 711 P.2d 314, 318 (Wash. 1985)*. The parent seeking to change the child's surname has the burden of proving that the change will further the child's best interests. *In re Petition of Schidlmeier, 344 Pa. Super. 562, 496 A.2d 1249, 1253 (Pa. Super. Ct. 1985)*; *In re M.L.P., 621 S.W.2d 430, 431 (Tex. Ct. App. 1981)*.

The amount of proof required to justify the change is "not insubstantial." *Brown v. Baird*, 1997 Tenn.App. Lexis 704, 1997 WL 6338278 (Tenn.App. No. 01801-9704-JV-00148). Minor inconvenience or embarrassment is insufficient. *Halloran v. Kostka*, 778 S.W.2d 454 (Tenn.App. 1989).

The Father testified that it is a tradition in his family for a child to carry the father's surname. Father believes that the child will maintain an advantage in Father's community if the surname is changed. He further opines that the child will suffer harassment and embarrassment at school if the child does not carry the Father's surname. The Mother believes that if the child maintains a surname different from hers, such circumstances will cause confusion and embarrassment.

Upon a careful review of the evidence in the case at bar, there appears no proof that a change of the child's surname will effect a change in the child's relationship with either parent. The evidence supports a determination that neither the surname of Mother or of Father maintains a higher degree of respect than the other within the community of the child's residence. The Father has not shown that using the Father's surname will be any more beneficial to the child than using the surname of Mother. Inasmuch, Father has failed to demonstrate that the child will encounter difficulties or be subject to harassment or embarrassment if the surname remains that of Mother.

We are of the opinion that Father's reasons presented in favor of changing the child's surname fall short of his carrying the burden of proof by a preponderance of the evidence. Accordingly, we find that the record does not contain sufficient, competent evidence to support the Juvenile Court's conclusion that changing the child's surname from that of Mother to that of Father is in the child's best interest.

**CONCLUSION**

The judgment of the Juvenile Court is reversed and this cause is remanded to the Juvenile Court for further proceedings consistent with this Opinion and for collection of the costs below. Costs on appeal are taxed to the Appellee, C.E.S., and his surety, for which execution may issue, if necessary.

_____

THOMAS R. FRIERSON, II, SP. JUDGE